## SAMUEL WHITMAN *versus* GEORGE LEONARD.

The principle, that after a partnership is dissolved, one partner, dealing with a person who has no notice of the dissolution, may bind his copartner, applies only to trans-actions in the usual course of business.

Thus, where a partner having absconded, his copartner told the holder of a note against them not then due, that they were going to fail, and renewed the note in the name of the firm, making it payable on demand in order that the creditor might secure himself, it was *held*, that this note did not bind the absconding partner, notice of the dissolution being either not necessary or being implied by the transaction itself.

ENTRY sur disseisin. Trial upon the general issue.

Each party claimed the land by virtue of an attachment in his favor against Boyce & Luther and a subsequent extent. The demandant's attachment was on the 4th of January, 1823; the tenant's on the 9th of December preceding.

The demandant contended, that the tenant had no cause of action against Boyce & Luther when his attachment was made. The tenant produced a note, upon which his action was brought, dated the 23d of February, 1822, subscribed " Boyce & Luther," payable to the tenant, for 1000 dollars on demand with interest. One Day testified, that the tenant told him, when he made the attachment, that Luther came to him that morning and said, " that they were going to the devil," and that Luther renewed a note, which was not payable until August or September following, by making the note first mentioned. It was proved that Boyce had absconded three days before Luther made this note, and had never returned to this commonwealth, and that the firm of Boyce & Luther had never transacted any business since Boyce absconded.

A verdict was taken for the demandant, subject to the opinion of the whole Court.

*Sept. 29th.*    *Rice* for the tenant. A debtor has a right to favor a particular creditor and to give a note on demand for one which is on a credit not expired. *Hatch* v. *Smith*, 5 Mass. R. 49 ; *Stevens* v. *Bell*, 6 Mass. R. 343 ; *Cushing* v. *Gore et al.* 15 Mass. R. 74 ; *Hastings* v. *Baldwin*, 17 Mass. R. 556. If the partnership had not been dissolved by the absconding of one partner, the other would have had a right to give the note in question ; and as the tenant had no notice that Boyce had

absconded, but only that the firm was in failing circumstances, he may avail himself of this note. Watson on Partn. (2nd ed.) 384 ; *Lansing* v *Gaine*, 2 Johns. R. 300 ; *Ketcham* v. *Clark*, 6 Johns. R. 144 ; *Godfrey* v. *Turnbull*, 1 Esp. R. 371 ; 1 Com. Contr. 325 ; *Parkin* v. *Carruthers*, 3 Esp. R. 248 ; Chitty on Bills (Philad. ed. 1821), 51, 52, and notes ; *Barber* v. *Minturn*, 1 Day, 136.

*J. H. Ashmun* for the demandant. It will be presumed that the connexion in business between Boyce & Luther was a common general partnership ; in which case either partner might put an end to it at any moment : and the demandant contends that the absconding of Boyce, as it was an act inconsistent with the general duties of the partnership, was itself a dissolution. Watson on Partn. 379, 380 ; Domat, *lib* 1, *tit.* 8, § 5 ; *Griswold* v. *Waddington*, 15 Johns. R. 83 ; *Ketcham* v. *Clark*, 6 Johns. R. 147.

The tenant however seems to rely on the fact, that he had no notice of the dissolution. Such notice is required, to guard against impositions in the regular course of business of the firm ; to protect a person who is giving credit to the firm. *Gorham* v. *Thomson*, Peake's R. 42. This case does not come within the reason of the rule. Here there is no credit given ; no trust reposed ; no goods sold ; the creditor knows the situation of the parties. This case is to be settled on general principles. None like it, as it regards notice, has been found. Those cases in which notice has been held necessary, were all founded upon transactions in the regular course of business. There are two classes of cases which furnish the principle we contend for. The first, of conveyances made by a bankrupt in contemplation of an act of bankruptcy, which are void, unless made in the ordinary course of business without notice ; *Ogden* v. *Jackson*, 1 Johns. R. 370 ; *Rust* v. *Cooper*, Cowp. 629 ; *Harman* v. *Fishar*, ibid. 117 ;— the second, of bills of exchange transferred in the ordinary course of business by persons who came unfairly by them, where the title of the innocent indorsee is valid against the former owner. *Miller* v. *Race*, 1 Burr. 452 ; *Grant* v. *Vaughan*, 3 Burr. 1516 ; *De Silva* v. *Fuller*, 1 Esp Dig. (Gould's ed.) 106. He cited also *Hack-*

Whitman
*v.*
Leonard.

<div style="margin-left:0">

Whitman
v.
Leonard.

Oct. 1st.

</div>

*ley* v. *Patrick,* 3 Johns. R. 536, and *Walden* v. *Sherburne,* 15 Johns. R. 409.

*Lathrop* and *E. H. Mills* on the same side.

PARKER C. J., in giving the opinion of the Court, said that no doubt a debtor had a right to favor a particular creditor, but the cases to that effect went upon the ground of fair deal-ing.[1] The case before us is this. There being a promissory note signed by Boyce & Luther not due, Luther goes to the promisee and tells him that they are in difficulty, and renews the note, making it on demand, in the names of Boyce & Luther. Had it been made in the name of Luther alone it might have been good. But here was an absconding of one partner which dissolved the partnership. It is said, however, that as to a person accustomed to deal with the partnership, it continued until he had notice of the dissolution. But that must apply to their usual dealings. Here, after an absconding of one partner, the other makes a note to charge the partner-ship, in order to give a creditor an opportunity of favoring himself; which was not according to the ordinary course of trade. Either no notice was necessary in such a case, or it is to be implied from the transaction.[2]

*Judgment according to verdict.*

---

[1] 2 Kent's Comm. (2nd ed.) 532; Angell on Assignments, 23 *et seq.*

[2] See *United States Bank* v. *Binney,* 5 Mason, 183; *Chazournes* v. *Edwards,* *ante,* 9, n. 1, and 12, n. 1; *Vallett* v. *Parker,* 6 Wendell, 615; *Dob* v. *Halsey,* 16 Johns. R. 34; *Foot* v. *Sabin,* 19 Johns. R. 154; *Smith* v. *Lusher,* 5 Cowen 688.