## S. A. WHITE v. HENRY TUDOR.

After the dissolution of a partnership, one of the partners cannot impose new obligations upon the firm, or vary the character of those already existing.

Nor can he endorse a note in the firm name, even in payment of a prior partnership debt.

A general authority to one partner, upon a dissolution, to settle the business of the firm, does not authorize him to give a note in the firm name for a partnership debt, or to renew one given before the dissolution.

A co-partner of the defendant, or the executor of a deceased partner, are competent witnesses for the plaintiff.

APPEAL from Victoria.    Tried below before the Hon. Fielding Jones.

This suit was commenced by Henry Tudor, the appellee, against S. A. White, the appellant, in the Court of a Justice of the Peace, on a note for $75.33, purporting to have been executed to Tudor by S. A. White & Co., on which there was a credit of $27.38.

The defendant pleaded *non est factum.*    There was a judgment in favor of the plaintiff, and the defendant removed the case to the District Court by writ of *certiorari.*

Upon the trial, the plaintiff offered to read in evidence the deposition of James Ashworth, to which the defendant made the following objections:—" 1st. That the answers disclosed the fact, that the witness was directly interested in the result of the suit, in favor of the plaintiff.    2d. The demand of the plaintiff, as an account, was barred before the commencement of the suit.    3d. The deposition did not establish the fact, that the defendant executed the note, or authorized it to be done."    These objections were overruled by the court, and the plaintiff was permitted to read the deposition to the jury; to which the defendant excepted.

This witness testified, in substance, that the defendant, George S. Menefee, and himself, composed the firm of S. A. White & Co., at the time of its dissolution, and for some six months previous thereto; that the note sued on was executed to the plaintiff by

the witness, in the name of the firm, after its dissolution, in settlement of a debt that had been previously contracted by the firm, and for its use; and that he had afterwards paid the plaintiff the amount for which a credit was given upon the note. He further stated, that there was no written authority to either partner, to settle the business of the firm; but that being the only one left in the house, he attempted to settle the business, with the verbal or tacit consent of the other partners; and when the note in controversy was signed by him, he was solely occupied in settling the business of the firm, *with the knowledge and consent of the other partners.*

The plaintiff then offered to read the said note in evidence to the jury; to which the defendant objected, because: " 1st. The note did not bear the name or signature of the defendant, having the word "Co." added to his name. 2d. It did not show by whom it was signed or made, or who was the company. 3d. The deposition of Ashworth showed that, at the date of the note, there was no partnership existing between himself and the defendant; and that he executed the note without authority." These objections were overruled by the court, and the note was read to the jury; to which the defendant excepted.

There was a verdict and judgment for the plaintiff; a motion by the defendant for a new trial was overruled; and he appealed.

*White & Peticolas*, for the appellant.—It is contended, that the deposition of Ashworth was admitted in evidence, in contravention of the law of evidence, for the reasons assigned in the bill of exceptions. The deposition disclosed, for the first time, either in the pleadings or evidence, that the witness was directly interested in the result of the suit. A direct interest excludes the evidence of a witness. (1 Greenl. Ev. § 386, *et infra;* 1 Phil. Ev. p. 24, ch. 4; 1 Gilb. Ev. 722, 3d edit.)

It may have been supposed, that the statute of the last legislature, (Act 5th February, 1858,) allowing defendants to be examined, bore upon the question involved in this suit; but this

case comes neither within the words nor the *reason* of *that* rule. Had Ashworth been a defendant, Tudor might not have wished him to testify, because there would have been a *balance* of interest against him. But being the maker of the note, without authority, he had an unbalanced interest in favor of Tudor; hence, the legislature has failed to enact a law that a co-obligee may establish the liabilities of his co-partners, to the exoneration of himself.

*A. H. Phillips*, for the appellee.

BELL, J.—We are of opinion that the third specification of the assignment of errors, presents for our consideration an error, for which the judgment of the court below must be reversed. It is clear from the evidence, that the note sued on was executed by Ashworth, after the dissolution of the firm of S. A. White & Co. The law seems to be clearly settled, that after the dissolution of a partnership, one of the partners cannot impose new obligations upon the firm, or vary the form or character of those already existing. (3 Kent's Com. 72.) It is also held, that one partner cannot, after the dissolution of the partnership, endorse a note in the name of the firm, even to pay a prior debt of the firm. (Humphries v. Chastain, 5 Georgia Rep. 166.) It is also held, and may be regarded as settled, that a general authority to one partner, upon a dissolution, to settle the business of the firm, does not authorize him to give a note in the name of the firm, for a firm debt, or to renew one given before the dissolution. (See the authorities cited in note to 3 Kent's Com. p. 73.) There was no sufficient evidence in this case to show that Ashworth had any authority from White, to execute the note in question. The exception, therefore, to the admissibility of the note in evidence, after the defendant's plea of *non est factum*, was well taken, and ought to have been sustained by the court.

There is nothing in the evidence, from which the inference can be drawn, that the plaintiff, Tudor, did not know of the dis-

solution of the partnership between White and Ashworth, at the time the dissolution took place, or before the execution of the note sued on.

We are of opinion, that the court below did not err in admitting the testimony of Ashworth. It is held, that a co-partner of the defendant, or the executor of a deceased partner, are competent witnesses for the plaintiff. (3 Phillips' Ev. 398, last edit.; Blackett v. Weir, 5 Barn. & Cres. 385; Hudson v. Robinson, 4 Maule & Selwyn, 475.)

For the error of the court below, in admitting the note in evidence, without sufficient proof that it was executed by the authority of the defendant, we are of opinion that the judgment of the District Court be reversed, and the cause remanded.

Reversed and remanded.