JAMES J. DUNLAP, Adm'r, v. JAMES H. HENDLEY, Adm'r.

## *Statute of Limitations.*

1. In October, 1870, A as administrator of B obtained judgment against C. In August, 1880, A died, and in June, 1883, D became administrator *de bonis non*, &c., of B. In February, 1881, C died, and in September, 1883, E qualified as his administrator. In January, 1884, D, the administrator *de bonis non* of B brought this action against E, the administrator of C, to collect the amount due on the judgment above mentioned. Defendant relied upon the bar of the statute of limitations; *Held*, that the action was not barred. *The Code*, §164.

2. Defendant, in the Supreme Court, made the objection that leave of the Superior Court in which the judgment was rendered to bring this action, was not obtained by plaintiff; *Held*, that the objection ought to have been raised by motion or in the answer, and now came too late, and must be taken to be waived. Besides, §14, C. C. P., is not brought forward in The Code.

(*Lynn* v. *Lowe*, 88 N. C., 478, cited and approved).

CIVIL ACTION, tried at Fall Term, 1884, of Superior Court for ANSON county, before *Shepherd, J.*

The facts are sufficiently stated in the opinion of the Court.

Verdict and judgment for plaintiff. Appeal by defendant.

*Mr. J. A. Lockhart*, for plaintiff.
*Messrs. Little & Parsons*, for defendant.

MERRIMON, J.  At the Fall Term of 1870 of the Superior Court of Anson county, which began on the 17th day of October of that year, Nathaniel Knight, as administrator *cum testamento annexo* of Hannah P. Dunlap, deceased, recovered two judgments against John S. Kendall and David Carpenter—one for the sum of $333.83, and the other for $405.69, with interest thereon, and $45.60 for costs.

The said Nathaniel Knight died on the 14th day of August, 1880, and on the 29th day of June, 1883, the plaintiff Dunlap duly became administrator *de bonis non, cum testamento annexo* of the estate of the said Hannah P. Dunlap.

John S. Kendall, above named, and against whom the judgments mentioned were obtained, died on the 19th day of February, 1881, and on the 5th day of September, 1883, the defendant qualified as the administrator of his estate.

The plaintiff brought this action on the 14th day of January, 1884, to recover judgment for the money specified in and due upon the two judgments above mentioned.

The defendant pleaded and relied upon the statute of limitations.  The Court held that the action was not barred by the statute, and gave judgment for the plaintiff.  The defendant excepted, and appealed to this Court.

In the absence of any interposing cause, the cause of action created by the judgments sued upon would have been barred by the statute of limitations after the lapse of ten years next after the rendition of them.  Two events, however, did happen that suspended that statute:

First, Nathaniel Knight, administrator *cum testamento annexo* of Hannah P. Dunlap, died on the 14th day of August, 1880, less, by more than two months, than ten years next after the rendition of the judgment, mentioned, in his favor.  His death suspended the statute.  *The Code*, §164, provides, that "If a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expiration of that time, and within one year from his death."

It is plain, and not denied, that the action did survive. It appears that more than a year did elapse after the death of Knight, the administrator, before the action was brought; but it must be observed that no administrator *de bonis non cum testamento annexo* of the estate of Hannah P. Dunlap was appointed until the 29th day of June, 1883, when the plaintiff was appointed, and during the time next after the death of Knight, until this appointment of the plaintiff, the statute did not run, because there was no person that could sue. The statute just cited suspended the statute of limitations in the case provided for, and it contemplates that it shall not run again until some person competent and authorized to sue shall be appointed by the proper authority; otherwise its purpose would be defeated. *Lynn* v. *Lowe*, 88 N. C. R., 478.

So that the action was not barred by the statute at the time the plaintiff became administrator. He, however, delayed to bring the action for more than six months, and, thus, more than ten years elapsed while there was a person competent to sue before the action was brought.

The statute recited above provides that the representatives of the person entitled to bring the action may do so "within ten years from his death." It is very questionable whether this clause could help this case. It seems that the administrator ought to bring the action within ten years while the statute is running. But it is not necessary to decide definitely whether this is so or not, because a second event happened before the statute began to run a second time, as above indicated, that prolonged its suspension. John S. Kendall, the intestate of the defendant, and against whom the judgments sued upon were given, died on the 19th day of February, 1881, and long before the plaintiff became administrator and competent to sue.

The defendant was appointed administrator on the 5th day of September, 1883. The plaintiff, however, did not bring this action until the 14th day of January, 1884, and after the lapse of more than ten years, while there was a person competent to

bring it.   But the statute did not begin to run a second time as soon as the plaintiff became administrator, nor could it until one year next after the defendant became administrator.   The Code, §164, in a second clause provides that "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his personal repre- sentative *after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.*

So that the statute of limitations did not run at all after the death of Knight, the administrator *cum testamento annexo.*   The action was not barred at his death, and, hence, it was not barred at the time it was brought.

The counsel for the defendant made the objection in this court for the first time in the course of the action, that the plaintiff did not obtain leave from the Superior Court in which the judgments sued upon were granted to bring an action upon them, as required by C. C. P., §14.   This objection ought to have been raised by the defendant in the Superior Court, by a proper motion before pleading on his part, at all events, in his answer.   It does not affect or go to the substance of the plaintiff's right, and the defendant could waive it.   It must be taken that he did so.   In any view of the matter, it is too late to make it here.

Besides, sec. 14, C. C. P., is not brought forward in The Code, and is not, nor was it in force at the time this action was begun; and, therefore, the objection would not be tenable, if it had been made in apt time.

Judgment affirmed.