ELISHA COPPERSMITH, Administrator, v. STEPHEN P. WILSON, Executor, et al.

*Administration— Claims Against the Estate— Claims in Favor of the Estate—Statute of Limitations— Duty of Those Entitled to Administer.*

1. Actions upon claims in *favor* of an estate of a decedent must be brought within one year of his death, without regard to when administrator is appointed.

2. Actions upon claims *against* the estate of a decedent must be brought in one year after administration.

3. Time counted from the death of the decedent, in respect to claims in favor of the estate, because the law does not encourage remissness in those entitled to administration.

This was a CIVIL ACTION, tried at Spring Term, 1890, of PASQUOTANK Superior Court, before *Whitaker, J.*

A jury trial being waived, by consent, the facts were found by the Court.

The action was brought by Elisha Coppersmith, administrator *de bonis non* of the estate of William Coppersmith, against the executrix (and her husband) and the surviving surety of the former administrator, and the executrix of a deceased surety and her husband. The judgment demanded was for an account of the administration, and for such sum as should be ascertained to be due, the bond to be discharged upon the payment thereof.

William Coppersmith died in 1866, and Benoni Cartright qualified shortly after in that year as his administrator, and considerable property came into his hands. His sureties were F. M. Godfrey and John Cartright. The administrator, Cartright, died in 1882, without completing the administration; and his wife, the defendant Penelope (who has since intermarried with the defendant S. P. Wilson), qualified as his executrix in 1882. One of the sureties, John Cartright, died in 1884, and, in the same year, Pattie Cartright, his wife, qualified as his executrix.

The plaintiff Elisha Coppersmith qualified as administrator of the estate of William Coppersmith in March, 1886.

At the time of the death of the said William Coppersmith, as aforesaid, he left surviving him as his heirs at law, five children, named respectively, and of age at the commencement of this suit, as follows: John T. Coppersmith, thirty-seven years; William G. Coppersmith, thirty-four years; Elisha Coppersmith, thirty-two years; Susan Coppersmith (who intermarried with one James T. Chorey on the 29th day of December, 1876), twenty-three years; Henry

Coppersmith, twenty-one years, who are his distributees, and entitled to their respective shares of his personal estate.

The following issues were found by the Court, and judgment rendered thereon, as hereinafter set out:

1. Is the claim of John T. Coppersmith, administrator of Ann Coppersmith, barred by the statute of limitations? Answer—Yes.

2. Is the claim of John T. Coppersmith, administrator of Elizabeth Delon, barred by the statute of limitations? Answer—No.

3. Is the claim of Elizabeth Coppersmith, owner of the interest of Elisha Coppersmith, deceased, barred by the statute of limitations?  Answer—Yes.

4. Is the claim of John T. Coppersmith, administrator of Fannie B. Coppersmith, barred by the statute of limitations? Answer—No

5. Is the claim of Susan Chorey (formerly Coppersmith) barred by the statute of limitations?  Answer—No.

6. Is the claim of Henry Coppersmith barred by the statute of limitations?  Answer—No.

It is adjudged by the Court that the action is barred as to the claim of John T. Coppersmith, administrator of Ann Coppersmith, widow of Wm Coppersmith, deceased, and as to Elizabeth Coppersmith, widow of Elisha Coppersmith and assignee of his interest, and that the same is not barred as to the claim of John T. Coppersmith, administrator of Fanny B. Coppersmith, John T. Coppersmith, administrator of Elizabeth Delon, Henry Coppersmith and Susan Chorey (formerly Coppersmith).   This cause, except as to the statute of limitations aforesaid, is referred to William J. Griffin, who will take and state an account of the dealings of Benoni Cartwright with the estate of William Coppersmith, deceased, and report the same to the next term of the Court, and file the same at least thirty days before the first day of the next term.

107—3

1. The defendants except to the finding and ruling of the Court, that the claims of John T. Coppersmith, administrator of Fanny B. Coppersmith and Elizabeth Delon, is not barred by the statute of limitations. All the evidence upon the same shows that said Coppersmith, administrator of said Fanny B. Coppersmith and Elizabeth Delon, is barred by the statute of limitations.

2. Defendants except to the judgment of the Court rendered in this cause.

It was in evidence as follows: This action began 20th February, 1886; Wm. Coppersmith died in July, 1886, leaving, among other children, Fanny B. Coppersmith and Elizabeth Delon. Elizabeth Delon married before she was twenty-one, and died about the year 1872, before the death of her husband. John T. Coppersmith administered upon her estate about one year ago, and, as such administrator, was duly made a party plaintiff in this action; record stating final account of Benoni Cartwright, administrator of William Coppersmith, was filed June 1st, 1869. Receipt of Elizabeth Delon in words and figures following, to-wit:

STATE OF NORTH CAROLINA—*Pasquotank County.*

February 14th, 1870.

Received of Benoni Cartwright, administrator of William Coppersmith, deceased, seventy dollars ($70) payment in full satisfaction of my distributive share of my father's estate, the said William Coppersmith, deceased.

Now, therefore, in consideration of the said amount of $70, I do hereby forever discharge the said Benoni Cartwright, as administrator as aforesaid, and his official bond, from all further liability or responsibility by reason of his said administration as aforesaid, on account of my distributive share of the estate as aforesaid. Witness my hand and seal.

her<br>ELIZABETH ✕ DELON.<br>mark

Witness: GEORGE W. SNOWDEN.

Benoni Cartwright died October, 1882, and his wife Penel-ope (who afterwards married Wilson) qualified as his execu-trix in November, 1882. Thereupon the Court found the following facts in writing: That the claim of John T. Cop-persmith, administrator of Elizabeth Delon, was not barred by the statute of limitations, and that the claim of John T. Coppersmith, administrator of Fanny B. Coppersmith, was not barred by the statute of limitations.

No counsel for plaintiff.
*Mr. E. F. Aydlett,* for defendant.

SHEPHERD, J.: The only exceptions presented by the record, relate to the claims of John T. Coppersmith as admin-istrator of Elizabeth Delon and Fannie B. Coppersmith. The claims of the intestates were not barred at the time of their deaths, which occurred respectively in 1872 and 1866. There was no administration upon their estate until within a year of the commencement of this action, in 1886. The defendant puts his case entirely upon the construction of *The Code,* § 164. He argues that under this section, there is a distinction made between cases where the action survives in favor of, and those in which the action survives against a deceased person, in that in the former, the action must be brought within a year of the death of the intestate, without reference to the time of administration, and that in the lat-ter it need not be brought until within a year after adminis-tration. The distinction contended for is very apparent from the language of the statute, and is doubtless founded upon the reasons given in *Hall* v. *Gibbs,* 87 N. C , 4; *Baird* v. *Reynolds,* 99 N. C., 469; *Long* v. *Clegg,* 94 N. C., 763. These were cases under the statute of presumption, and in the latter case it is said, that the time during which there was no administration upon the estate of the claimant, should

be counted, because of the remissness of those entitled to obtain administration.

*Dunlap* v. *Hendley*, 92 N. C., 115, may be sustained without reference to what was said upon this point, and we cannot regard it as authority against the plain letter of the statute.

In our opinion, the claims are barred.

Error.