WILLIAM W. CHARLES

*v.*

CHARLES F. REMICK.

*Filed at Ottawa May 15, 1895.*

1. PARTNERSHIP—*retired partner cannot bind firm by note.* A partner upon retiring from a firm ceases to have authority to bind it by the execution of its note for any purpose, much less for his own personal benefit.

2. EVIDENCE—*note given by retired partner—burden of proof on holder.* The holder of a note shown to have been executed in the name of a firm by a previously retired partner, has the burden of showing that he is a *bona fide* assignee or purchaser of the note.

3. BILLS AND NOTES —*illegally made by retired partner — innocent holder.* The making of a note in the name of a firm, payable to its own order, and the endorsement and delivery thereof to third persons,—all done by a retired partner of the firm,—will not constitute the person to whom it is so delivered a *bona fide* assignee or purchaser of such note, unless he purchased for value, without notice of the illegal execution.

*Charles* v. *Remick*, 54 Ill. App. 116, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

JOHN G. HENDERSON, for appellant:

Where a promissory note made payable to the order of the maker, and by him endorsed, passes from hand to hand without any other endorsement, the last holder may bring suit upon the same, and recover, without filling up the blank endorsement. *Poorman* v. *Mills & Co.* 35 Cal. 120; *Moore* v. *Pendleton*, 16 Ind. 483; *Sterling* v. *Bender*, 44 Am. Dec. 539; *Abat* v. *Rion*, 13 id. 313; *Bean* v. *Briggs*, 63 id. 464; *Scammon* v. *Adams*, 11 Ill. 576; *Palmer* v. *Marshall*, 60 id. 289; *Laflin* v. *Sherman*, 28 id. 391; *McDonald* v. *Bailey*, 14 Me. 101.

The statute provides that if a party desires to raise any question upon the assignment he must do so by a

verified plea. Rev. Stat. chap. 101, sec. 34; *McIntire* v. *Preston,* 5 Gilm. 48; *Hudson* v. *Dickinson,* 12 Ill. 407.

The effect of such a verified plea throws upon the plaintiff the burden of proving that he is the legal holder. *Lockridge* v. *Nuckolls,* 25 Ill. 178.

The old sign still remained, and the same business was carried on at the old stand by all three of the parties who formerly constituted the firm. *Trigerthen* v. *Lohrman,* 6 Mo. App. 576; *Bowen* v. *Rutherford,* 60 Ill. 44.

The law is, that the burden of proof rests upon him who defends on the grounds of dissolution, to prove notice of such fact. Abbott on Trial Evidence, 222; Wade on Notice, sec. 530; *Vernon* v. *Manhattan Co.* 22 Wend. 193.

BARNUM, HUMPHREY & BARNUM, for appellee:

On the duty of Charles to prove that he is holder for value, see *Kirchoff* v. *Goezlin,* 30 Ill. App. 194; *Wright* v. *Brosseau,* 73 Ill. 381; *Sperry* v. *Spalding,* 45 Cal. 544; *Hall* v. *Featherstone,* 3 Hurl. & N. 284; *Bailey* v. *Bidwell,* 13 M. & D. 73; *Harbeys* v. *Lowers,* 6 Exch. 656; 1 Daniel on Neg. Inst. secs. 369, 166; *Smith* v. *Braine,* 71 E. C. L. 244; *Holme* v. *Karsper,* 5 Bin. 469; *Klein* v. *Currier,* 14 Ill. 237; *Bank* v. *Burgwyn,* 17 L. R. A. 326, and note; Parsons on Notes and Bills, 125, 128; 3 Kent's Com. 48; *Munroe* v. *Cooper,* 5 Pick. 412; Parsons on Partnership, 211, 212; *Bank* v. *Gilliand,* 23 Wend. 311; *Bank* v. *Cameron,* 7 Barb. 143; Chitty on Bills, 69, 648; Randolph on Com. Paper, sec. 423; Byles on Bills, 49; *Musgrave* v. *Drake,* 5 Q. B. 185; *Hogg* v. *Skene,* 34 L. J. (C. P.) 153; 17 Am. & Eng. Ency. of Law, p. 1036, note 4, and cases cited.

Although the holder did not have actual notice, where the facts would have put him on inquiry but for his culpable negligence, he can not claim to be a *bona fide* buyer. 1 Bates on Partnership, sec. 354; *Insurance Co.* v. *Bennett,* 5 Conn. 574; *Cotton* v. *Evans,* 1 Dev. & Bat. Eq. 284; *Roth* v. *Colvin,* 32 Vt. 125; *Bank* v. *Wilson,* 24 Up. Can. (C. P.) 362.

When the signing of the firm name by one partner in any transaction, after the partnership is dissolved, is done outside the ordinary course of the firm business, notice of the dissolution is not necessary to the obligee, and the contract will be void. *Spurck* v. *Leonard*, 9 Ill. App. 182; *Hicks* v. *Russell*, 72 Ill. 230.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

The record in this case discloses the following facts : On the first day of September, 1887, William H. Ward, James C. Goldthwaite and Charles F. Remick entered into co-partnership to buy and sell hats, caps, etc., for a term of three years, under the firm name of Ward, Goldthwaite & Co. The sign "Ward, Goldthwaite & Co., Hats and Caps," was placed over the door of their place of business. Goldthwaite ceased to be a partner in the firm on June 10, 1889, but the business was continued by Ward and Remick, Goldthwaite remaining with them as book-keeper until about the 24th day of February, 1890. The sign remained over the door, and the letter and bill-heads of "Ward, Goldthwaite & Co." were still used. On February 18, 1890, Goldthwaite signed the firm name of Ward, Goldthwaite & Co. to a note for $2500, payable to the firm thirty days after date, with six per cent interest. This note was endorsed on the back in the name of Ward, Goldthwaite & Co. by James C. Goldthwaite, and also by himself, and was then discounted by D. H. Tolman for the Chicago Trust and Savings Bank, the money being received by Goldthwaite as a personal loan, and that fact being known by Tolman. At the same time Goldthwaite made another note for $3000, payable to himself at the Union Trust Bank of Chicago, with six per cent interest from date, signing the firm name of Ward, Goldthwaite & Co. to the same, and endorsing it in blank "James C. Goldthwaite." This last note was made as collateral security for the first, and so stated on its face. All the

signatures to these notes were made by Goldthwaite in the presence of Tolman, without the knowledge or consent of Ward or Remick. Suit was brought on the collateral note by appellant, as assignee, in the circuit court of Cook county, appellee alone being served with summons. A trial by the court without a jury resulted in a judgment for the defendant, and the plaintiff appealed to the Appellate Court, where the judgment of the circuit court was affirmed. To reverse that judgment this appeal is prosecuted.

No question as to the admission or exclusion of evidence upon the trial is raised, and therefore all controverted questions of fact are conclusively settled adversely to appellant. The only error of law assigned upon the record is the refusal of the trial court to hold certain propositions of law.

The plaintiff submitted ten propositions, which he requested the court to hold as law applicable to the case. Five of these the court marked held and the other five refused. Those refused were numbered 1, 2, 3, 9 and 10. It is insisted, on behalf of appellant, that the refusal of each of these was error. Neither the ninth nor ·tenth contains distinct propositions of law, but simply ask the court to hold that upon all the evidence in the case the plaintiff is entitled· to recover. The second and third state no rule or principle of law not contained in those held. The first is as follows:

"The court holds, as a matter of law, that the blank endorsement upon the back of the note, the delivery of the same to the Chicago Trust and Savings Bank, and its delivery to W. W. Charles, was sufficient to pass the title to the said Charles, as assignee, and under the evidence constituted him a *bona fide* assignee or purchaser of said note. No other endorsement was necessary."

When Goldthwaite ceased to be a member of the partnership of Ward, Goldthwaite & Co. he ceased to have authority to bind the firm, by the execution of its note,

for any purpose. (*Bank of Montreal* v. *Page*, 98 Ill. 109, and authorities cited.)   Much less could he do so for his personal benefit.   "When the defendant shows a note to have been executed by a partner in fraud of the firm, it throws the burden of proof upon the plaintiff to show that he came by the note fairly, and without knowledge of the fraud." (*Wright* v. *Brosseau*, 73 Ill. 381, and authorities cited; 1 Daniel on Neg. Inst. 142, 662.)   The question, then, whether W. W. Charles was a *bona fide* assignee or purchaser of the note sued on, was a fact to be determined from the evidence, the burthen of establishing it being upon him.   It follows that the first proposition was also properly refused because it did not correctly state the law applicable to the case.   Moreover, W. W. Charles offered no evidence whatever tending to prove affirmatively that he was an innocent purchaser for value, without notice of the illegal execution of the note.   We think it clear that each of the five propositions was properly refused by the trial court.

The judgment of the Appellate Court is right, and will be affirmed.

*Judgment affirmed.*