WINSLOW v. BENTON.

(Filed March 4, 1902.)

1. LIMITATIONS OF ACTIONS—*Action by Administrator—The Code, Sec. 164.*

When a person entitled to bring an action dies before the expiration of the term limited for the commencement thereof, and the cause of action survives, his personal representatives may commence an action after the expiration of that time and within one year from his death.

2. LIMITATIONS OF ACTIONS—*Action Against Personal Representatives—The Code, Sec. 164.*

If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative after the expiration of that time and within one year after the issuing of letters testamentary.

ACTION by Jordan Winslow, administrator, against Chas. E. Benton and others, heard by Judge *George H. Brown,* at September Term, 1901, of the Superior Court of PERQUIMANS County. From a judgment for the defendants, the plaintiff appealed.

*E. F. Aydlett,* for the plaintiff.
*J. H. Sawyer,* for the defendants.

CLARK, J. The Code, section 164, is explicit that where the *"person entitled to bring an action* die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expiration of that time and within *one year from his death."* This is because the law

does not encourage remissness on the part of the creditor. *Coppersmith v. Wilson,* 107 N. C., 31.

But the same section, 164, prescribes a different rule where the debtor dies—"If a *person against whom* an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his personal representative *after the expiration of that time,* and *within one year after the issuing of letters testamentary or of administration."* *Dunlap v. Hendley,* 92 N. C., 115; *Coppersmith v. Wilson, supra; Benson v. Bennett,* 112 N. C., 505.

The general rule remains as formerly, that when the statute of limitations has once begun to run, nothing stops it, but The Code does not stop when the cause of action is one which must be brought by or against a personal representative. And for evident reasons it makes this distinction, that where the action must be brought *by* a personal representative, the limitation (if it would otherwise expire) is extended one year from the *death of the creditor,* but if the action must be *against* the personal representative, the limitation (if it would otherwise expire) is extended one year from the *issuing letters teslamentary or of administration.*

The language of the statute is too explicit to admit of more than one construction. Here, though the debtor died in January, 1883, letters of administration were not taken out till September, 1899, and there being no one to sue till then, an action could have been brought on the notes (none of which were barred by the death of the debtor) within one year after "taking out of letters of administration." If there had been some one to sue as the debtor or his personal representative, the claims would have been barred as to those creditors for whom action was not brought within the time limited, extended as above stated; not to exceed one year from death of creditor.

*Copeland v. Collins,* 122 N. C., 619, relied·on for a contrary view, has no application. There, the action was not begun till nearly three years after the administration was taken out.

The above-cited cases of *Dunlap v. Hundley,* 92 N. C., 115 (at page 118), *Coppersmith v. Wilson,* 107 N. C., 31, and *Benson v. Bennett,* 112 N. C., 505, as well as *Mauney v. Holmes,* 87 N. C., at page 432; *Burgwyn v. Daniel,* 115 N. C., at page 119; *Person v. Montgomery,* (FURCHES, J.), 120 N. C., at page 115, are directly in point in this case, but were not cited either by the Court or the dissenting opinion in *Copeland v. Collins, supra.* This shows that an entirely different proposition was before the Court.

For this error, a new trial must be granted, but as this is not an action by creditors, but a petition by the administrator to sell land to make assets, no opinion is here expressed as to whether he should not be held liable to account for such rents and profits of the realty as he may have received and collected since his intestate's death. As between him and the defendants, the heirs-at-law, certainly this is a proper subject of inquiry. Such receipts are certainly a discharge of his own claim for expenditures for burial expenses, as the Court below properly held.

Error.