### PHIFER v. FORD

(Filed April 22, 1902.)

LIMITATIONS OF ACTIONS—*Action Against Personal Representative—The Code, Sec. 164.*

> If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative after the expiration of that time and within one year after the issuing of letters testamentary.

ACTION by W. H. Phifer, administrator of John Ford, against Leander Ford and others, heard by Judge *W. S. O'B. Robinson,* at January Term, 1901, of the Superior Court of UNION County. From judgment for the defendants, the plaintiff appealed.

*Armfield & Williams,* for the plaintiff.
*Redwine & Stack,* for the defendants.

CLARK, J. This is a special proceeding, begun before the Clerk, to sell land to make assets to pay debts of intestate. The only debt alleged is a note under seal, executed 9th February, 1874, due one day after date. The statute of limitations is pleaded, and is the only question presented by the appeal. The maker of the bond died September, 1877, three years and six months after the cause of action accrued, but there was no administration taken out on his estate until 26th May, 1898, and this action was begun within twelve months thereafter. By the express terms of The Code, Sec. 164, the debt is not barred. *Dunlap v. Hendley,* 92 N. C., 115; *Winslow v. Benton,* at this term.

The appellee relied upon *Copeland v. Collins,* 122 N. C., 620, but that case has no application, for the action there was not begun within twelve months after letters of administration were taken out. The Court below was doubtless misled

by the fourth headnote to that case, which is not correct unless read in connection with the facts therein.    Further discussion is here unnecessary, as a case "on all fours" with this (*Winslow v. Benton*) has already been decided at this term on this point.

Upon the facts agreed, judgment should have been entered for the plaintiff.

Reversed.