IRVIN & MONTGOMERY, ADMINISTRATORS C. T. A. OF H. C. HARRIS, v.
WILLIAM C. HARRIS ET AL.

(Filed 14 December, 1921.)

**1. Limitation of Actions—Partnership—Dissolution—New Partnership—
Continuing Obligations—Deceased Partner.**

Where a new partnership is formed after the death of a partner under
a partnership arrangement between the survivors and the devisee of the
deceased, assuming to pay the debts and obligations of the old concern, a
payment made by the surviving partner on a debt of the old concern will
not have the effect of repelling the bar of the statute of limitations which
would otherwise run against the partnership assets and the separate
property of the deceased member of the firm, for upon the dissolution of
the partnership by death, this authority ordinarily ceases in the surviving
partner, and becomes vested in the personal representative of the deceased
one. C. S., 417.

**2. Same—Administration—Executors and Administrators.**

Where a member of the firm has died and the surviving partners take
in his devise and form a new concern assuming the debts of the old, claims
against the deceased as a member of the old concern which have been
barred by the statute of limitations since the decedent's death, are sus-
pended by the express provision of the statute until an additional period
of one year from the qualification of his administrator if within the period
of ten years from the decedent's death, and until the expiration of this
further time of one year, the bar of the statute will be repelled. C. S.,
412.

APPEAL by defendants from a judgment of *Webb, J.,* confirming the
referee's report, at February Term, 1921, of ROCKINGHAM.

Civil action, heard on exceptions to the report of a referee.

The plaintiff filed a petition before the clerk to sell land for assets.
The defendants filed several answers, and Webb, J., referred the cause
to Lindsay Patterson, Esq., to take and state an account and report his
finding of facts and conclusions of law. The referee disallowed the
claims of George E. Barber, executor of Mrs. Marion F. Redd (Exhibits
31, 32, 33), the claim of W. A. Kernodle (Exhibit 37), and that of
Reidsville Fertilizer Company (Exhibit 69), and allowed the claims of
the following persons: A. B. Troxler (Ex. 3), A. J. Whittemore (Ex.
4), D. W. Williams (Ex. 5), R. P. Thacker (Ex. 6), A. R. Troxler
(Ex. 7), A. J. Whittemore (Ex. 8), Nannie B. Motley (Ex. 9), James
W. Walker (Ex. 10), J. H. Duncan (Ex. 11), J. P. Matkins (Ex. 12),
J. D. Matkins (Ex. 13), S. F. Holderby (Ex. 14), Robert Harris, Jr.
(Ex. 72), George D. Williams (Ex. 73), Carrie Irvin (Ex. 74), C. J.
Williams (Ex. 75), Robert Brown (Ex. 78), M. G. Watlington (Ex. 79),
P. H. Williamson, trustee (Ex. 80), C. H. Overman (Ex. 81). The
referee found that all the foregoing claims which he allowed were pre-

sented to and admitted by the administrators of H. C. Harris. As to these claims the defendants do not insist on the bar of the statute of limitations, but contend that all the remaining claims which were allowed by the referee were barred by the statute.

The defendants further contend that all creditors whose claims have been allowed are precluded from collecting such claims from the estate of H. C. Harris for the reason that these creditors elected to file their claims against the successors of the old firm of Robert Harris & Brother. Reference is made to the statement of facts in the case of Robert Harris, guardian.

*H. R. Scott and King, Sapp & King for plaintiffs.*

*J. I. Scales, J. M. Sharp, H. W. Cobb, Jr., and Fentress & Jerome for defendants.*

*Thomas C. Hoyle for Cora W. Best, A. E. Chandler, R. H. Scales, E. M. Redd, and Anna J. Redd.*

*Manly, Hendren & Womble for Robert Brown, M. C. Watlington, P. H. Williamson, trustee, and C. H. Overman.*

ADAMS, J. Not only have the defendants pleaded the statute of limitations in bar of all claims allowed by the referee, except such as were presented to and admitted by the personal representatives of H. C. Harris, but they have invoked against the validity of all claims the doctrine of the claimants' election between inconsistent remedies. The latter proposition has been discussed in the appeal of Robert Harris, Jr., as guardian of Mrs. Nettie Harris, and what is there said resolves the question against the contention of the defendants. There remains for discussion the defendants' plea of the statute of limitations.

It is essential to a proper consideration of this plea that certain dates be kept in mind. H. C. Harris died on 11 April, 1911; his personal representatives qualified on 30 June, 1913, and on 3 July gave due notice to creditors to present their claims on or before 10 July, 1914. By virtue of the last will of H. C. Harris, and the subsequent agreement between his devisee, W. C. Harris and the surviving partner, the new firm, continuing business, retained the old firm name of Robert Harris & Brother. The new firm and the individual partners were adjudged bankrupt on 9 June, 1913; the Reidsville Fertilizer Company on 30 June, 1913; and J. H. Walker & Company on 30 June, 1912. On many, if not all, the claims under consideration payments were made both before and after the death of H. C. Harris. On the claims as to which the statute of limitations was pleaded, the referee held that the statute ran against the creditors from the date of the last payment, which in practically all instances was made after the death of H. C. Harris by the

42—182

surviving partner, or by the other members of the new firm, and that, as suit had been instituted within the statutory period next succeeding the last payment, the claims were not barred. This proceeding was commenced on 28 August, 1915, and answers were filed by the several defendants in September, October, and December, 1915, and in January, 1916. The order of reference was made at the February Term, 1916, and creditors filed their claims before the referee. The referee found as a fact from the evidence and from the admissions of the defendants' counsel that suits were brought by the several creditors of the old firm of Robert Harris & Brother against the administrators of H. C. Harris in the Superior Court of Rockingham County. The time at which these respective actions were instituted will be referred to hereafter as occasion may require.

Counsel for the defendants admit that their contention as to the application of the statute of limitations depends upon the proper answer to two questions: (1) Could Robert Harris, surviving partner of the old firm of Robert Harris & Brother, by making payments after the death of his former copartner, renew or keep alive the firm notes and thereby prevent the administrators or the heirs of the deceased partner from interposing the bar of the statute? (2) Was the statute of limitations suspended from the death of H. C. Harris until the appointment of his administrators?

Now, as to the first question. It is true that after the death of H. C. Harris his devisee was accepted as a member of the new firm; but the organization of the new firm did not deprive creditors of the old firm of their right to require that the surviving partner pay the firm debts and perform the firm obligations.

Here, however, the creditors have undertaken to subject to the payment of their claims the individual estate of the deceased partner. What, then, was the legal effect of payments made by the surviving partner after the death of his copartner? Upon the dissolution of a firm by the death of a partner, the estate of the deceased partner and his share in the firm assets are absolved from any new contract or subsequent transactions of the surviving partner, which are not necessary to the joint business. *Martlett v. Jackman*, 85 Mass., 287. In *Copeland v. Collins*, 122 N. C., 624, it was held that a payment renews the obligation, and in *Bank v. Hollingsworth*, 135 N. C., 569, *Justice Connor* said: "It seems to be equally well settled that a surviving partner has no power, after dissolution, to renew or endorse a note in the name of the firm. The dissolution operates as a revocation of all authority for making new contracts. It does not revoke the authority to arrange, liquidate, settle, and pay those before created. The implied power of the expartner does not extend to giving a note or to drawing a bill in the

firm's name, nor could he bind the firm by a check in its name. Re-
newals of outstanding bills or notes of the firm stand on the same foot-
ing; and as the expartner could not draw a bill or note for a firm debt,
neither could he renew a bill or note of the firm given for their debt."·
Daniel Neg. Inst., sec. 370. "Where a note is issued by a partner after
dissolution, it will not bind the other partners, even though given for a
debt due by the firm." *Ib.,* 371. "Where the dissolution is by the
death of one of the partners, the surviving partner may endorse a note
payable to the firm *in his own name."* *Bristol v. Sprague,* 8 Wend.,
423; *Whitman v. Leonard,* 20 Mass., 177; *Charles v. Remick,* 156 Ill.,
327; *Woodson v. Wood,* 84 Va., 478; *Lusk v. Smith,* 8 Barb., 570; *Myatt
v. Bell,* 41 Ala., 222.

·"In *Abell v. Sutton,* 3 East., 110, *Lord Kenyon* said, in regard to the
liability of a partner for an endorsement made after the dissolution of
the firm: 'To contend that this liability to be bound by the acts of his
partner extends to times subsequent to the dissolution is, to my mind, a
most monstrous proposition. A man in that case could never know when
he is to be at peace and retired from all the concerns of a partnership.' "
22 A & E., 214. "A note given by one partner, after dissolution
of the partnership, does not bind the other partner, although given
in the partnership name and in consideration or settlement of a subsist-
ing partnership liability. *Haddock v. Crocheron,* 32 Tex., 277; 5 Am.·
Rep., 244; *White v. Tudor,* 24 Tex., 639; 76 Am. Dec., 126; *Fellows
v. Wyman,* 33 N. H., 351."

"As a general rule, after the dissolution of a partnership the surviving
partner has no right to enter into or make any contract which shall be
binding on the firm or affect its assets or prejudice those entitled to a
share of its property after the debts are paid. In the absence of some
special grant of powers to the surviving partners, the only exception
involves such contracts as are appropriate and necessary in settling the
affairs of the partnership." 20 R. C. L., 998.

The words of the statute are still more comprehensive: "No act,
admission, or acknowledgment by a partner after the dissolution of the
copartnership, or by any of the makers of a promissory note or bond
after the statute of limitations has barred the same, is evidence to repel
the statute, except against the partner or maker of the promissory note
or bond doing the act or making the admission or acknowledgment."
C. S., 417. Here is a direct and explicit provision that neither the act,
nor the admission, nor the acknowledgment of one partner occurring
after the dissolution shall be evidence against the other to repel the bar
of the statute. Therefore, payments made on these notes by the sur-
viving partner, after the copartnership was dissolved by the death of
H. C. Harris, cannot operate to keep alive or renew against the estate

of the deceased partner claims which, except for such payments, would be barred by the statute of limitations. *Wood v. Barber,* 90 N. C., 79. The cases of *McIntire v. Oliver,* 9 N. C., 209; *Willis v. Hill,* 19 N. C., 231, and *Walton v. Robinson,* 27 N. C., 342, were decided prior to the enactment of C. S., 417.

As to the second of these two questions, the decisions apparently are not uniform. In *Copeland v. Collins,* 122 N. C., 621, it is said that "it would be difficult to reconcile our opinions upon this subject." The apparent lack of uniformity may be attributed in part at least to the difference in the phraseology of certain of the statutes which were under consideration; but the question presented by the defendants' exceptions seems definitely to have been settled.

C. S., 412, is as follows: "If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives after the expiration of that time, and within one year from his death. If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative after the expiration of that time, and within one year after the issuing of letters testamentary or of adminis- tration, provided the letters are issued within ten years of the death of such person. If the claim upon which the cause of action is based is filed with the personal representative within the time above specified, and admitted by him, it is not necessary to bring an action upon such claim to prevent the bar, but no action shall be brought against the personal representative upon such claim after his final settlement."

In *Winslow v. Benton,* 130 N. C., 58, the present *Chief Justice,* in construing this statute, said: "The Code, sec. 164, is explicit that where the *'person entitled to bring an action* die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expiration of that time and within *one year from his death.'* This is because the law does not encourage remissness on the part of the creditor. *Coppersmith v. Wilson,* 107 N. C., 31.

"But the same section 164 prescribes a different rule when the debtor dies: 'If a *person against whom* an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his per- sonal representative *after the expiration of that time,* and *within one year after the issuing of letters testamentary or of administration.'* *Dunlap v. Hendley,* 92 N. C., 115; *Coppersmith v. Wilson, supra; Benson v. Bennett,* 112 N. C., 505.

"The general rule remains as formerly, that when the statute of limitations has once begun to run, nothing stops it, but The Code does not stop when the cause of action is one which must be brought by or against a personal representative. And for evident reasons it makes this distinction, that where the action must be brought *by* a personal representative, the limitation (if it would otherwise expire) is extended one year from the *death of the creditor,* but if the action must be *against* the personal representative, the limitation (if it would otherwise expire) is extended one year from the *issuing letters testamentary or of administration.*"

In *Geitner v. Jones,* 176 N. C., 544, the note in suit, which the record shows was not under seal, fell due 18 June, 1912; the debtor died 1 August, 1913; his personal representative was appointed 4 August, 1917. It was held that since the debtor had died before the expiration of the time limited for the commencement of the action, the plaintiffs were entitled to institute the action within one year after the issuing of letters testamentary or of administration, because the letters had been issued within ten years after the death of the debtor. C. S., 412.

If H. C. Harris died before the expiration of the time limited for the commencement of suit against him on the claims in controversy, and suit was brought within the statutory period, or if the claims were not barred at his death and suit was brought after the time limited and within one year after letters of administration were issued, the statute of limitations in either event would not be available to the defendants.

We have made a careful examination of each of the contested claims, and applying the principles herein stated we hold the following claims are barred by the statute of limitations and should be disallowed: Exhibits 26, S. E. King; 25, Pattie E. King; 39, D. F. Kernodle; 43, J. P. Somers; 45, Francis Womack; 47, R. H. Scales, and 52, marked, also, 63, T. E. Balsley.

The remaining claims are not barred, and must be allowed. As to the claims which were disallowed by the court (exhibits 31, 32, 33, 37, 69) there was no appeal.

The appellants' fourth assignment of error cannot be sustained.

The judgment, as herein modified, is affirmed.

Modified and affirmed.

WALKER, J., did not sit.