FLORA REEL, ADMINISTRATRIX OF W. R. REEL, DECEASED, v. T. J. BOYD.

(Filed 22 January, 1930.)

**Limitation of Actions B a: Partnership F a—Entry on account by surviving partner is not partnership act and does not affect running of statute.**

A partnership terminates upon the death of one of the partners, C. S., 3277, and where an open, mutual and current account has existed between the partnership and another and the surviving partner continues to run the partnership and enters items on the account, which are not necessary to the winding up of the partnership affairs, such acts after the termination of the partnership are not partnership acts and the statute of limitations will run on the account due the terminated partnership from the last item entered thereon before the death of the deceased partner.

CIVIL ACTION, before *Daniels, J.,* at April Term, 1929, of PAMLICO.

Summons was issued on 12 September, 1927, and served on 1 October, 1927. W. R. Reel and E. D. Reel were partners engaged in the mercan-

tile business in Arapahoe, Pamlico County, North Carolina, under the
firm name of W. R. Reel & Bro. The defendant on various dates from
June, 1917, to 1 December, 1924, purchased goods, wares and merchan-
dise from said partnership and made various payments on said account,
both in cash and by delivering cotton and other commodities to said
partnership. It seems to be conceded that the account between the
parties was a mutual, open and current account. W. R. Reel died intes-
tate 7 May, 1924, and the plaintiff was duly appointed administratrix of
his estate on 2 June, 1924. Apparently, the business was continued by
the surviving partner until 27 November, 1925, when a petition was filed
in the Superior Court by the surviving partner and the plaintiff and the
heirs and distributees of W. R. Reel, deceased, for the purpose of divid-
ing and disposing of the property belonging to the partnership. An
order was duly made conveying certain property of the partnership to
E. D. Reel, surviving partner, as his share in the partnership assets,
and certain property was conveyed and delivered to the plaintiff, includ-
ing the account against the defendant. Thereafter, on 12 September,
1927, the plaintiff brought a suit against the defendant on said account,
claiming that there was a balance due by the defendant amounting to
$683.06. The defendant pleaded payment, and also the three-year
statute of limitations.

The pertinent part of the judgment is as follows: "The court having
announced that he would hold that the distributees and heirs at law of
W. R. Reel having been made parties at the November Term, 1928, and
having adopted the complaint filed by the administratrix as their com-
plaint, and the statute of limitation having been pleaded by the de-
fendants, that the claims of the said distributees are barred by the
statute of limitation, to which ruling the plaintiffs except and in defer-
ence to the intimation of the court move to take a nonsuit and appeal to
the Supreme Court."

D. L. Ward and Z. V. Rawls for plaintiff.
F. C. Brinson for defendant.

BROGDEN, J. The death of a partner terminates a partnership, and
the surviving partner, under the statute and decisions of this Court, is
charged with the duty of reducing the personal property to cash and
settling the partnership affairs. C. S., 3277 et seq.; Bank v. Hollings-
worth, 135 N. C., 556, 47 S. E., 618; Sherrod v. Mayo, 156 N. C., 144,
72 S. E., 216; Irvin v. Harris, 182 N. C., 656, 109 S. E., 871. There-
fore, the surviving partner was empowered to collect the account due by
the defendant to the partnership.

The plaintiff, however, contends that the business was continued by the surviving partner, and that there were mutual transactions between the surviving partner and the defendant as late as December, 1924, and that, as this action was instituted in September, 1927, the account was not barred by the statute of limitations. The principle of law applicable to such a situation was declared in *Walker v. Miller*, 139 N. C., 448, 52 S. E., 125. The Court declared: "The fact that they chose to carry on the business under the name of the old firm, does not change their rights. They could, if they had so preferred, selected any other name. Of course, the old firm, as originally constituted, was dissolved by the death of the partners. Whether the parties so intended or not, the legal effect of what they did was to create a new and original arrangement for carrying on business, the capital of which was contributed by the beneficial owners of the property. . . . It is not uncommon for a business which, by reason of the credit and reputation for integrity of the founders, possesses value to be conducted, after their death, under its original name. In such cases it is the business of the living owners, and contracts made by or with them, under the name adopted, have all the force and effect as if made in the names of the individuals to whom it belongs."

In view of this principle of law, it is obvious that the dealings between the parties after the death of W. R. Reel in May, 1924, would not have the effect of preventing the bar of the statute of limitations as to all items of the account prior to the death of the partner. Thus, in *Irvin v. Harris, supra,* it was held that "payments made on these notes by the surviving partner, after the partnership was dissolved by the death of H. C. Harris, cannot operate to keep alive or renew against the estate of a deceased partner, claims which, except for such payments, would be barred by the statute of limitations."

The decisions upon the subject rest upon the theory that independent transactions after the death of a partner constitute no part of the partnership assets, except, of course, in cases in which future dealings between the parties are necessary to complete existing contracts or as an incident of winding up partnership affairs. No such condition, however, is presented by this record. We are therefore of the opinion that the judgment was correct.

Affirmed.