### A. H. STEPHENS v. L. B. MIDYETTE.

#### (Filed 26 February, 1913.)

1. **Lessor and Lessee—Statute of Frauds—Assignment of Lease— Time of Possession—Parol Evidence.**

   Where there is a written lease of land for five years, and the lessee assigns it in writing for the remaining term of three years, possession to be delivered on demand, parol evidence is competent to show the time the transfer was to take effect, it appearing that the demand was made at the time testified to, and the evidence being explanatory of, and not contradicting, the written agreement.

2. **Lessor and Lessee—Statute of Frauds—Assignment of Lease— Seal.**

   The written assignment on a lease of lands for more than three years is not required to be under seal, by our statute, Revisal, 976.

3. **Statute of Frauds—Pleadings—Demurrer—Evidence—Objections, and Exceptions.**

   The statute of frauds must be pleaded, unless title is denied, and it cannot be made available by a demurrer or an objection to evidence.

4. **Lessor and Lessee—Leases—Statute of Frauds—Written Assignment—Registration.**

   The written assignment of a registered lease of lands for more than three years is not required to be registered under our statute.

APPEAL by defendant from *Daniels, J.,* at December Special Term of PAMLICO.

*D. L. Ward for plaintiff.*
*A. D. Ward and H. L. Gibbs for defendants.*

CLARK, C. J. The defendants leased to W. J. Moore the land in question for the five years, 1909-1913, inclusive. Said Moore cultivated the land for two years. On 12 November, 1910, Moore assigned the lease to the plaintiff in writing as follows: "I herewith transfer to A. H. Stephens my lease on the Midyette farm for the remaining term of three years. Said lease to be delivered upon demand."

Objection was made that the assignment was not under seal. The plaintiff Stephens was also allowed to testify over objection that it was agreed at the time that the transfer should take effect on 1 January, 1911. This did not contradict the writing, because it was specified therein that the assignment was for the "remaining three years." It was in evidence also that the demand was made, in pursuance of the written assignment, on 1 January, 1911. Besides, if the assignment had taken place 12 November, it specified that it was for "the remaining *three* years." The evidence was not contradictory of the written agreement, but was explanatory and indeed in pursuance of its evident meaning.

Revisal, 976, requiring leases for more than three years to be put in writing, does not require the use of a seal on an assignment. Moreover, the statute of frauds was not pleaded nor contract denied, and an objection on that ground can only be taken by answer, and not by a demurrer or objection to evidence. *Williams v. Lumber Co.,* 118 N. C., 928; *Hemmings v. Doss,* 125 N. C., 402.

The assignment, even of a mortgage, is not required to be registered. *Williams v. Brown,* 127 N. C., 51.

No error.