G. H. GEITNER ET ALS., EXRS., v. EDMUND JONES ET ALS.

(Filed 4 December, 1918.)

1. **Trusts and Trustees—Creditors—Reconveyance of Trust Estate—Notice.**

   A grantor of lands in trust for creditors, to pay off all outstanding mortgages and encumbrances, and all other debts and obligations, who takes a reconveyance of the land under an erroneous recitation in the deed of the trustee that the trusts have been fully administered, is, notwithstanding, fixed with notice of an outstanding obligation, especially when coming within the terms of the trust deed, at the time of the reconveyance, a party defendant to an action to recover it.

2. **Same—Payment—Burden of Proof.**

   Where a trustee in a deed conveying lands to pay the grantor's creditors endorses on a note theretofore given by the debtor that it was secured by the trust deed, and, pending an action for the foreclosure of the deed in trust, reconveys the land to the grantor, erroneously reciting the full administration and discharge of his trust, in an action upon the note, the burden of proving payment is upon him.

3. **Trusts and Trustees — Reconveyance of Trust Estate — Admission of Funds—Notice—Burden of Proof.**

   Where the trustee in a deed to lands for the benefit of creditors reconveys the land to the trustor, reciting that the trusts therein have been fully performed, the trustee's recitation in his deed is evidence that he has some funds out of which to pay the trustor's debts remaining unpaid, and the grantee in the reconveyance is bound by its terms, and the burden of his plea of payment is upon him.

4. **Limitation of Actions—Bills and Notes—Administrators—Statutes.**

   Where the maker of a note has died before the statute of limitations has run thereon, the payee may institute his action within one year after the issuing of letters testamentary, provided such letters were issued within ten years after the death of the debtor, Revisal, sec. 367, being an enabling statute; and where the note has not been barred, the foreclosure of a deed in trust, securing it, may be ordered. Revisal, sec. 391 (3).

5. **Statute of Frauds—Pleadings.**

   The defendant cannot successfully avail himself of the statute of fraud when he neither denies the debt or pleads the statute.

6. **Statute of Frauds — Bills and Notes — Prior Indebtedness — Trusts and Trustees—Writing.**

   A note given for the payment of a debt existing prior to, but secured by the deed in trust for the benefit of creditors, is in recognition of the old debt, and not a novation, and the transaction is within the intent of the statute of frauds requiring that contracts concerning lands, etc., shall be in writing.

7. **Trusts and Trustees—Deeds and Conveyances—Trust Estate—Reconveyance—Beneficiaries—Creditors—Consent—Foreclosure.**

   A trustee in a deed conveying lands to secure the grantor's creditors cannot reconvey the lands to the trustor, free from the trusts imposed, except

with the consent of the beneficiary; and the beneficiary may maintain his suit to foreclose upon the lands as the real party in interest.

**8. Statute of Limitations—Nonsuit—Administration—Statutes.**

Where Revisal, sec. 367, relating to the time of bringing an action on a note within a year after letters of administration granted, if within ten years from the death of deceased maker, and section 391 (3), relating to the foreclose of the security for the note, apply, their provisions are not affected by the fact that additional parties to the action, ordered by the Supreme Court, had not been made before a succeeding term of the Superior Court, and the judge had thereupon ordered a discontinuance of the action, from which there was no appeal.

APPEAL by plaintiff from *Webb, J.*, at August Term, 1918, of CALD-WELL.

*W. B. Councill and Squires & Whisnant for plaintiffs.*
*W. C. Newland and Lawrence Wakefield for defendants.*

CLARK, C. J. This case was before us 173 N. C., 591, on appeal from a judgment dismissing the action. This the Court corrected by directing that the plaintiffs should bring in the personal representative of J. G. Hall, deceased, as a party defendant.

On 5 January, 1910, J. G. Hall and wife executed to the defendant Jones a deed of trust to sell and convey certain lands therein described and to "pay off, first, all mortgages and other encumbrances outstanding against such lands, and, secondly, all other debts and obligations of the said J. G. Hall, personally, as may have been contracted prior to the execution of this deed." It is admitted that prior to that date J. G. Hall was indebted to the testator of the plaintiffs in the sum of $300, which debt was renewed from time to time until 18 March, 1912 (after the trust deed was executed), when the note in suit was executed.

The defendant trustee wrote on the back of this note that it was secured by a deed in trust on real estate. While the former suit was pending for the foreclosure of said deed in trust the defendant trustee reconveyed the lands to the widow of J. G. Hall erroneously reciting that the trusts in the deed of 5 January, 1910, "have been fully administered and discharged." The grantee in the reconveyance was a grantor in the deed of trust and was fixed with notice of the trust therein to pay this debt. Moreover, she was a defendant in this action, then pending, to recover this debt.

The court allowed the motion for nonsuit on the ground that the plaintiffs have failed to show any funds in the hands of the trustee that were liable for the payment of the note in question. The execution of the note was admitted and it was in evidence with the endorsement of the trustee thereon. The defendants having pleaded payment, the burden of the plea was on them. *Guano Co. v. Marks*, 135 N. C., 59. If

the trusts had been satisfied and the debts paid the trustee must have had some funds out of which to pay them, as recited in his reconveyance, and the grantee in such deed is bound by its terms, and the burden of showing payment is upon the defendants.

The court below was of the opinion that the action was barred by the statute of limitations. The note in suit fell due 18 June, 1912. A. A. Shuford, the payee, died 2 May, 1912. J. G. Hall died 1 August, 1913, and his personal representative was not appointed till 4 August, 1917. Hall having died before the expiration of the time limited for the commencement of this action, the plaintiffs were entitled to institute this action "within one year after the issuing of letters testamentary, provided such letters are issued within ten years after the death" of the debtor. Revisal, 367. His administrator was made party to this action by summons issued 15 February, 1918, and the claim therefore is not barred. *Coppersmith v. Wilson,* 107 N. C., 31; *Winslow v. Bent,* 130 N. C., 58, which holds that the section is an enabling and not a disabling statute. The debt not being barred, foreclosure of the security can be ordered. Revisal, 391 (3).

The court further held that the statute of frauds applied, but it is not pleaded, nor contract denied, and cannot avail the defendants. *Jordan v. Furnace Co.,* 126 N. C., 143. The deed in trust did not specifically mention this debt, but it secured "all debts of J. G. Hall contracted prior to the deed in trust," and it is admitted that this debt came within that description. The note in evidence of it was executed after the deed, but that did not affect the fact that the debt was created prior to the deed in trust. The note was a promise in writing to pay the debt, and not a novation.

There is no indefiniteness as to the debt which is admitted in the answer, nor as to the payee. The trustee cannot discharge himself from the trust and avoid liability by reconveying the property to the settler without payment of the trust secured except with the consent of the beneficiary. 39 Cyc., 437. The beneficiary can subject the property to foreclosure notwithstanding the reconveyance, and can maintain the action as the real party in interest. *Gorrell v. Water Supply Co.,* 124 N. C., 328, and cases cited in Anno. Ed.

When the case was here before (*Geitner v. Jones,* 173 N. C., 591) the Court sent the case back to make the personal representative of the deceased husband an additional party. This was not done at the next succeeding term below and the court ordered the action discontinued. There was no appeal taken from such judgment, but this new action was brought 15 February, 1918, and, being within the statutory time, it would not be barred even if a year had elapsed after the discontinuance. *Grimes v. Andrews,* 170 N. C., 522.

Reversed.