MRS. BINA ARPS ET AL. v. J. L. DAVENPORT ET AL.

(Filed 1 March, 1922.)

**Contracts—Options—Verbal Agreements—Lands—Statute of Frauds—Pleadings—Admissions.**

A verbal option of lands will not be declared void by the courts, as a matter of law, under the statute of frauds requiring a writing, when the party to be charged admits the alleged contract, in accordance with its stated terms, and resists performance upon entirely separate and distinct matters.

APPEAL by plaintiffs from *Allen, J.,* at October Term, 1921, of WASHINGTON.

ARPS v. DAVENPORT.

Civil action to recover damages for an alleged breach of contract.

On 4 November, 1919, the plaintiffs, Mrs. Bina Arps and husband, J. M. Arps, executed and delivered to the defendants a paper-writing whereby the said defendants were given the right, privilege, and option to purchase the "Arps farm" of 200 acres or more, situate in Plymouth Township, Washington County, at and for a stipulated price and upon the terms therein set out, but it was understood and agreed that the said option should be exercised on or before 10 December, 1919.

The defendants gave the plaintiffs due and timely notice of their intention to exercise the option and paid a part of the purchase price, but failed to execute the notes and mortgage, as provided in the contract of sale, and now refuse to comply with their agreement upon the ground that there is a shortage of approximately 52 acres in the land contracted to be sold.

At the close of plaintiffs' evidence there was a judgment as of nonsuit upon the theory that as the contract was in the nature of an option, and defendants did not accept same in writing, the plaintiffs were remediless under the statute of frauds. Plaintiffs appealed.

*W. L. Whitley for plaintiffs.*
*Ward & Grimes for defendants.*

STACY, J. Considering the facts, as above stated, and in view of the pleadings filed herein, we think the judgment of nonsuit was erroneously entered. The statute of frauds is not pleaded, and there is no denial of the contract; on the other hand, it is expressly admitted. Section (C) of the further answer reads: "That the defendants at all times stood ready, able, and willing to pay to the plaintiffs the amount due under the option at the time the same came due, deducting for the deficiency in acreage above set out, and now offer to accept and receive the land and pay for same, less the sum of $30 per acre for the 52 acres, which represent the actual deficiency in the acreage as aforesaid."

Under authority of *Henry v. Hilliard,* 155 N. C., 372, and cases there cited, the present judgment, which forms the basis of plaintiffs' appeal, must be set aside and the cause remanded for further proceedings. See, also, *Herndon v. R. R.,* 161 N. C., 650.

Reversed.