PILOT REAL ESTATE COMPANY v. E. J. FOWLER ET ALS.

(Filed 21 April, 1926.)

**1.  Demurrer—Appeal—Reversal.**

Where a demurrer *ore tenus* is sustained in the inferior court, and the exceptions thereto sustained in the Superior Court, its effect is to over-rule the demurrer.

**2;  Demurrer—Pleadings—Counterclaim.**

Upon plaintiff's demurrer to defendant's counterclaim, every material allegation therein is to be taken as established.

**3.  Pleadings—Statute of Frauds—Demurrer.**

The Statute of Frauds must be pleaded by one claiming that a contract relied on by the opposing party was verbal, when a written contract· was required, and a demurrer on such ground is untenable.

**4.  Same—Consideration.**

Where a party to· a contract claims in an action that a lack of consideration renders it unenforceable, it is necessary for him to aver it in his pleadings, and he may not maintain this defense upon demurrer to the pleadings of the opposing party.

CIVIL ACTION before *Lane, J.,* at March Term, 1926, of FORSYTH.

Prior to 6 April, 1920, R. G. Stockton listed with the plaintiff for sale a certain house and lot located on Jackson Street in Winston-Salem. An officer of the plaintiff solicited the defendants to purchase said property for a home.   The defendants, with said agent, looked over the property and agreed to purchase the same for $4,500.   The plaintiff represented to the defendant that the lot fronted 50 feet on Jackson Street and extended back to a depth of 150 feet.   On 6 April, 1920, the defendants paid the plaintiff as a cash payment $1,480.60, and received

a receipt for the amount so paid.  Thereafter, on 11 October, 1920, the defendants executed two promissory notes, one for $140.00, payable to R. G. Stockton, six months after date, with interest at six per cent, and the other to the plaintiff, Pilot Real Estate Company, for $144.40, payable six months after date.  Said notes were secured by deed of trust upon the property, executed by the defendants to the Wachovia Bank and Trust Company, trustee for said Stockton and the plaintiff.  On or about 14 November, 1923, the defendants paid the Stockton note of $140.00, and thereupon by mistake and inadvertence the Wachovia Bank and Trust Company canceled the deed of trust.  Thereupon the plaintiff brought this suit against the defendants, Fowler and wife, and Wachovia Bank and Trust Company, trustee, upon the note of $144.40. The Wachovia Bank and Trust Company filed an answer admitting in substance the allegations of the complaint.  The defendants, Fowler and wife, filed an answer admitting the execution of the note and deed of trust, and the cancellation of said deed of trust, but denying that said deed of trust had been canceled by mistake, and further denying that they owed the plaintiff anything.

The said defendants set up a counterclaim and independent cross-action against the plaintiff, alleging that they had purchased a lot 50 by 150 feet, and had received a deed for a lot 43 by 102 feet, and that by reason of such deficiency in the quantity of property, they had been damaged in the sum of $1,000.  The defendants further allege a new and special contract between the parties, to wit: "That these defendants, after discovering that they had not received the number of feet in width and depth that they had been promised and which the plaintiff represented the lot contained, demanded of plaintiff and said R. G. Stockton that they be given the number of feet which they had purchased and were promised, and the plaintiff and R. G. Stockton promised that they would take the property back and pay these defendants the money they had paid on said property or would furnish them the number of feet which these defendants had expected and which the receipt for the $1,480.60 called for, and which was promised these defendants they would receive when the first payment of $1,480.60 was made to the plaintiff in this action; that the plaintiff and R. G. Stockton have never paid these defendants the money nor have they ever given these defendants the number of feet of land which these defendants bought and which was promised to them."

The plaintiff demurred *ore tenus* to defendants' counterclaim and cross-action, in that the said counterclaim was not sufficient to constitute a cause of action for the reason that no fraud or mutual mistake was alleged; and, further, that the special contract was within the statute of frauds and, in addition, there was no consideration to sup-

port it. The demurrer was sustained in the county court, and the defendants, Fowler and wife, appealed to the Superior Court. His Honor, Lane, J., holding the Superior Court of Forsyth County, entered judgment sustaining the exceptions of the defendants to the ruling of the judge of the county court and remanded the case to the county court for trial before a jury upon appropriate issues. From said judgment plaintiff appealed.

· *Ratcliff, Hudson & Ferrell for plaintiff.*
*Charles W. Stephens for defendants.*

BROGDEN, J. The effect of the judgment of the Superior Court of Forsyth County was to overrule the demurrer *ore tenus,* which had previously been sustained by the County Court of Forsyth County.

The initial question to be considered is whether or not the demurrer should have been overruled.

A demurrer to an answer admits as true every material fact alleged in the answer to the same extent and with the same force as a demurrer to a complaint. *Trust Co. v. Wilson,* 182 N. C., 168.

The allegations of the answer constituting a counterclaim or cross-action are loosely drawn, but it is alleged that after the discovery of the shortage in quantity the parties made a new contract whereby the plaintiff and Stockton "promised that they would take the property back and pay these defendants the money they had paid on said property or would furnish them the number of feet which these defendants had expected." The plaintiff demurs *ore tenus* to this new contract for that the alleged contract is: (1) within the Statute of Frauds, and (2) without consideration. Both grounds of demurrer are untenable. Verbal contracts relating to the sale or conveyance of land are not void but voidable, and the Statute of Frauds must be pleaded. It cannot be set up by a demurrer. *Curtis v. Lumber Co.,* 109 N. C., 401; *Loughran v. Giles,* 110 N. C., 423; *Williams v. Lumber Co.,* 118 N. C., 928; *Hemmings v. Doss,* 125 N. C., 400; *Stephens v. Midyette,* 161 N. C., 323.

The answer does not disclose whether the special contract is verbal or written. Conceding that the contract alleged is verbal and executory, and therefore requiring a consideration to support it, yet a failure of consideration is a defense and must be pleaded. In *Godwin v. Gardner,* 182 N. C., 97, *Stacy, J.,* declares the law to be that: "Matters set up in defense, or as a bar to plaintiff's suit and requiring proof, may not be considered upon a demurrer."

The judgment of the Superior Court must, therefore, be
Affirmed.