JONATHAN OLLIS v. C. R. RICKER and THEO. JOHNSON.

(Filed 14 December, 1932.)

**1. Mortgages H r—Agreement to purchase land at foreclosure sale for mortgagor constitutes purchaser trustee for mortgagor.**

An agreement to purchase lands at a foreclosure sale for the mortgagor at an agreed price and account to the mortgagor for the difference between the price agreed and the indebtedness secured constitutes the purchaser a trustee of the equity of redemption for the benefit of the mortgagor.

**2. Frauds, Statute of E d—Verbal contract relating to purchase of land is voidable and not void.**

Verbal contracts relating to the sale or purchase of land are voidable and not void, and the defense of the statute of frauds must be pleaded and such defense may not be set up by demurrer.

APPEAL by plaintiff from *McElroy, J.,* at October Term, 1932, of AVERY. Reversed.

This is an action to recover damages for the breach of a contract entered into by and between plaintiff and the defendants by which the defendants agreed to purchase at a mortgagee's sale lands owned by the plaintiff at an agreed price, and to account to plaintiff for the difference between said agreed price and the indebtedness secured by the mortgage.

The action was heard on defendants' demurrer *ore tenus* to the complaint, on the ground that the facts stated therein are not sufficient to constitute a cause of action. The demurrer was sustained.

From judgment dismissing the action, the plaintiff appealed to the Supreme Court.

*Watson & Fouts for plaintiff.*
*W. C. Berry and J. W. Ragland for defendants.*

CONNOR, J. On the allegations of his complaint, the plaintiff was the owner of an equity in the lands described therein, at the time he and defendants entered into the contract alleged in the complaint. R. N. Huskins, who had executed the mortgage to the Avery County Bank, under which the lands were advertised for sale, owned the equity of redemption in said lands, but by reason of his agreement with the plaintiff at the time he purchased the lands at the sale under the mortgage executed by the plaintiff, he held said equity of redemption in trust for the plaintiff. See *Peterson v. Taylor, post,* 673. The plaintiff did not convey the lands to R. N. Huskins. For that reason *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028, has no application to this case. This aspect of the case is controlled by the principle on which *Avery v. Stewart,* 136 N. C., 426, 48 S. E., 775, was decided. See, also, *McNinch v. Trust Co.,* 183 N. C., 33, 110 S. E., 663.

Conceding that the contract between the plaintiff and the defendants, as alleged in the complaint, is subject to the statute of frauds, there was error in sustaining the demurrer. In *Real Estate Co. v. Fowler,* 191 N. C., 616, 132 S. E., 575, it is said: "Verbal contracts relating to the sale and conveyance of lands are not void, but voidable, and the statute of frauds must be pleaded. It cannot be set up by demurrer." The judgment dismissing the action is

Reversed.