G. S. KLUTTZ v. WILLIAM L. ALLISON, CHAS. A. ARMSTRONG AND WIFE, AND L. M. RUSSELL AND WIFE.

(Filed 9 November, 1938.)

1. **Vendor and Purchaser § 5—Agreement held an option and not a contract of sale and purchase of real estate.**

A real estate broker and a prospective purchaser executed a paper writing in which the broker agreed to deliver deed upon condition that the prospective purchaser pay a stipulated sum to be applied to the purchase price, and pay the balance of the purchase price on a stipulated date. *Held:* The paper writing constituted an option and not a contract of sale and purchase in the absence of a stipulation that the prospective purchaser agreed to pay the balance of the purchase price, and an action will not lie thereon against the prospective purchaser to enforce specific performance, and this result is not altered by the fact that the prospective purchaser signed the writing, or that he subsequently wrote the check to be applied to the purchase price, and a letter to the owners referring to their "timber land transaction" and stating he would not want deed as soon as contemplated, and a later check in part payment which was not cashed, and subsequently, a letter to the broker's attorney stating he had advised the broker he would not buy the land because of exhausted finances, the writings, considered singularly or collectively, being insufficient to show that the prospective purchaser agreed to pay the balance of the purchase price.

2. **Frauds, Statute of, §§ 9, 10: Evidence § 39—Parol evidence is incompetent to establish essential element of contract required to be in writing.**

Plaintiff introduced in evidence a written agreement to deliver deed to defendant purchaser upon the payment of the purchase price. Plaintiff sought to introduce parol evidence to establish the purchaser's agreement to pay the stipulated purchase price in order to constitute the contract one of sale of purchase, contending that the parol evidence was in

explanation of the writing and not in contradiction thereof. *Held:* Upon the purchaser's plea of the statute of frauds, C. S., 988, parol evidence is incompetent to establish the purchaser's agreement to pay the purchase price, since this is an essential element of a contract of sale and purchase, and an essential element of a contract required to be in writing may not be established by parol.

**3. Trial § 25—Allowing defendant to take voluntary nonsuit on cross action held not error.**

Plaintiff broker instituted this action on an alleged contract of sale and purchase. Defendant purchaser filed a cross-action alleging fraud inducing him to sign the writing. Upon judgment as of nonsuit on plaintiff's cause of action, defendant purchaser was permitted to take a voluntary nonsuit on his cross action. *Held:* The voluntary nonsuit on the cross action was tantamount to a withdrawal of the charges of fraud and misrepresentation, and plaintiff's contention that he was entitled to have the issue of fraud tried by the jury is untenable.

**4. Appeal and Error § 6g—Plaintiff appellant held not prejudiced by alleged error.**

Plaintiff assigned as error the court's refusal to submit an issue requested. Under the contract sued on plaintiff would not have been entitled to recover on the issue even had it been answered in the affirmative, and the party which would have been entitled to recover thereunder in the event of an affirmative answer did not appeal. *Held:* The alleged error was not prejudicial to plaintiff appellant.

**5. Brokers § 11—Held: Broker was not entitled to commissions on sums paid under option which was never exercised.**

Plaintiff broker gave a prospective purchaser an option on the land and the purchaser made payments thereunder to be applied on the purchase price, but finally failed to exercise the option. The broker was entitled under his contract with the vendors to commissions only after the vendors had received payments on the purchase price in a sum greatly in excess of the sums paid by the prospective purchaser. *Held:* Plaintiff broker is not entitled to recover any part of the sums paid by the prospective purchaser, and has no interest in the respective rights of the prospective purchaser and the vendors in regard to a check given by the prospective purchaser to the vendors in partial payment which was not cashed.

**6. Costs § 2: Appeal and Error § 37b—**

In an action by a broker on an alleged contract of sale and purchase, instituted against both the owners of the land and the prospective purchaser, the taxing of the costs is in the discretion of the trial court, C. S., 1243, which discretion is not reviewable.

APPEAL by the plaintiff from *Ervin, Special Judge,* at July Term, 1938, of MONTGOMERY. Affirmed.

*Armfield, Sherrin & Barnhardt for plaintiff, appellant.*
*John W. Wallace, Hayden Clement, and R. T. Poole for defendant Allison, appellee.*

SCHENCK, J.   This is an action for specific performance of an alleged contract of sale and purchase of land.   The plaintiff alleges that the defendant Allison, on 6 November, 1937, entered into a contract with him, as agent for Allison's codefendants Armstrong and Russell, to purchase 3,520 acres of land of the said Armstrong and Russell for the sum of $57,920, to be paid 30 November, 1937, and that said Allison failed to make said payment and consummate said purchase, notwithstanding plaintiff's willingness and ability, and offer, to deliver deed for said land.

The defendant Allison, while admitting he signed, together with the plaintiff, a certain paper writing dated 6 November, 1937, relative to the land of his codefendants Armstrong and Russell, denies that said paper writing constitutes a contract of sale and purchase of said land and contends that it does nothing more than grant to him an option to purchase the land therein referred to, and pleads the statute of frauds (C. S., 988) in bar of plaintiff's alleged cause of action.

The paper writing relied upon by the plaintiff is in the following words and figures, to wit:

"Statesville, N. C., November 6th, 1937.

"I, Geo. S. Kluttz, party of the first part, having been granted the authority from Chas. A. Armstrong and L. M. Russell to sell the land and timber located in Montgomery County and situated in the fork of Uwharrie & Yadkin Rivers containing 3,520 acres, more or less, for the price of $57,820.00 agree to deliver deed to Wm. L. Allison party of the second part upon the following conditions: 1st. That a check of $5,000.00 be delivered to Geo. S. Kluttz to be applied upon the purchase price and the remainder amounting to $52,820.00 be paid Nov. 30th, 1937.   2nd. Armstrong & Russell to prepare said deed to be delivered on or before the above mentioned date.

G. S. KLUTTZ,
WILLIAM L. ALLISON.

"Witness: J. B. ROACH."

His Honor below adopted the contention of the defendant Allison, and upon his motion lodged at the close of plaintiff's evidence entered a judgment of involuntary nonsuit, to which plaintiff reserved exception. This exception presents the question as to whether the above quoted paper writing constitutes a contract of sale and purchase of land, or merely grants to the defendant Allison an option to purchase land.

The paper writing provides that Kluttz "agrees to deliver a deed" to Allison upon condition "that a check of $5,000.00 be delivered to Geo. S. Kluttz to be applied upon the purchase price and the remainder amounting to $52,820.00 be paid Nov. 30th, 1937."   There is nowhere in the

KLUTTZ *v.* ALLISON.

paper writing any agreement upon the part of Allison to pay the balance on 30 November, 1937, or at any other time. The language used constitutes an option and the mere signing of the paper writing by the optionee does not convert it into a contract of sale and purchase in the absence of any words therein to that effect.

However, the plaintiff contends that the paper writing, when read in connection with other writings introduced in evidence, should be construed as a contract of sale and purchase of land. These other writings consist of (1) a check for $5,000.00, dated 8 November, 1937, from William L. Allison payable to Armstrong & Russell, owners of the land and the principals of the plaintiff, (2) a letter dated 14 November, 1937, from Wm. L. Allison to Armstrong in which the sender informs the sendee that the latter need not hurry about ascertaining "the income tax influence" on "our timber land transaction" because he (Allison) would not "want the deed to be made before Jan'y 1st, 1938," (3) a letter dated 22 December, 1937, from Wm. L. Allison to Mr. Frank Armfield, attorney for the plaintiff, in which he explains that he had notified the plaintiff that he would not purchase the land because his finances had been exhausted, and (4) a check, dated 2 December, 1937, for $5,000.00 from Wm. L. Allison payable to Armstrong and Russell, which check was never cashed. We see nothing in these additional writings, when considered singularly, or collectively, with the paper writing dated 6 November, 1937, signed by the plaintiff and defendant Allison, that makes the latter susceptible to being construed as a contract of sale and purchase of land. There are no words therein of agreement to purchase and none that can by implication be construed as such an agreement.

Plaintiff offered certain parol evidence which he contends explains and amplifies the written instrument upon which he relies. This evidence consisted of the testimony of the plaintiff himself and of other witnesses introduced by him tending to show that the parties to the paper writing themselves construed it as a contract of sale and purchase between the plaintiff and the defendant Allison. All of this testimony, upon objection by the defendant, was excluded by the court for "the purpose of showing a contract on the part of the defendant to purchase the real estate in controversy." To the exclusion of this testimony for the purpose of establishing a contract of purchase the plaintiff reserved exceptions, but we are of the opinion, and so hold, that such exceptions are untenable.

In an action for specific performance of an alleged contract of sale and purchase of land wherein the statute of frauds was relied upon by the defendant, *Bynum, J.,* says: "The agreement must adequately express the intent and obligation of the parties. Parol evidence cannot

be received to supply anything which is wanting in the writing to make it the agreement on which the parties rely." *Mayer v. Adrian,* 77 N. C., 83.

"The alleged contract between the plaintiff and the defendant cannot be enforced unless it complies with the statute of frauds. It is a rule of general if not universal application that the memorandum of a contract to convey or to purchase land shall be reasonably certain and definite in its terms, so that the substance and essential elements may be understood from the written agreement itself, unaided by recourse to parol evidence. The written contract must adequately express the intent and obligation of the parties and all the essential elements of the agreement with reasonable certainty, and parol evidence cannot be received to supply anything which is wanting in the writing to make it the agreement on which the parties rely." *Keith v. Bailey,* 185 N. C., 262.

"A contract which the law requires to be in writing can be proved only by the writing itself, not as the *best* but as the *only admissible evidence of its existence.*" *Morrison v. Baker,* 81 N. C., 76.

We are constrained to sustain his Honor's action in allowing the motion of the defendant for judgment of involuntary nonsuit against the plaintiff.

Defendant Allison filed a cross action and counterclaim against the plaintiff Kluttz wherein he alleged that he had been induced to sign the paper writing upon which plaintiff declared and to pay the sum of $5,000 by the fraud of the plaintiff in that plaintiff had misrepresented to him the number of acres included in the land therein described as well as the amount of merchantable timber and crossties thereon, whereby he had been damaged in the said sum of $5,000. Upon the court's entering a judgment of involuntary nonsuit against the plaintiff, the defendant Allison was allowed to take a voluntary nonsuit upon his cross action and counterclaim.

To the action of the court in allowing the defendant Allison to take a voluntary nonsuit the plaintiff reserved exception upon the ground that he was entitled to have the issue of fraud tried by the jury. The voluntary nonsuit was tantamount to the withdrawal of the charges of fraud and misrepresentation and there was left no issue between the defendant Allison and the plaintiff, and we therefore see no error in allowing the voluntary nonsuit by the defendant Allison.

The plaintiff and the defendants Armstrong and Russell tendered the following issue: "In what sum, if any, is the defendant Allison indebted to the defendants Chas. A. Armstrong and L. M. Russell as principals under their contract of 28 August, 1937, and 6 November, 1937, with said G. S. Kluttz, by reason of his, the said Allison's, drawing and sending to said Armstrong and Russell the check of 2 December, 1937, in the

sum of $5,000?" The court declined to submit the issue, to which ruling the plaintiff and defendants Armstrong and Russell excepted. Armstrong and Russell failed to perfect any appeal. There was no prejudicial error in failing to submit the issue in so far as the plaintiff is concerned, since his own evidence shows that he had no interest in any amount paid by Allison until Armstrong and Russell had been paid $45,000, and if the full amount of this check was recovered, the maximum payments made by Allison would be only $10,000. Hence, there was no error prejudicial to the plaintiff in the refusal to submit the issue.

The plaintiff's exception to that portion of the judgment adjudicating that the $5,000 paid to Armstrong and Russell on check of defendant Allison, dated 8 November, 1937, should be retained by them is likewise untenable for the reason that the plaintiff's own evidence shows that it was stipulated that any amount paid to Armstrong and Russell should be forfeited by Kluttz for the benefit of Armstrong and Russell upon the failure of Kluttz to comply with the option of purchase given to him by Armstrong and Russell.

The plaintiff's assignment of error relative to the taxing of the costs in the judgment is untenable, since the case falls under the provisions of C. S., 1243, which places the taxing of the costs in the discretion of the trial judge, which discretion is not reviewable. *Parton v. Boyd,* 104 N. C., 422.

The judgment of the Superior Court is
Affirmed.