SARAH E. EMBLER, BASHA G. CLODFELTER, DAISY GRUBB, ANNIE R. HEGE, RAY EMBLER AND E. R. CLODFELTER v. H. L. EMBLER, ADMINISTRATOR OF C. B. EMBLER, DECEASED.

(Filed 3 January, 1945.)

**1. Frauds, Statute of, § 12: Contracts §§ 5, 7b—**

Where co-tenants of the equity in lands, subject to a mortgage, agreed orally among themselves that one of their number, himself or through another for him, should bid off the lands at foreclosure sale, the other cotenants refraining from bidding, and hold the same in trust for the benefit of all the co-tenants, to be sold and proceeds divided, after reimbursing the purchaser for his outlay, the agreement is not in violation of the statute of frauds, G. S., 22-2, there is sufficient consideration to support it, and it is not against public policy.

**2. Frauds, Statute of, § 13: Trusts § 1b—**

In a suit against the administrator of one of several co-tenants by the other co-tenants, where the complaint alleged a parol trust in that defendant's intestate agreed orally with his co-tenants to bid off himself, or through another for him, the lands owned jointly by such co-tenants at a sale thereof under mortgage, hold and sell the same for the benefit of all, dividing the proceeds in accordance with their respective interests, after reimbursing himself for certain expenditures, and that, on the contrary, after such sale and purchase, said intestate sold parts of the property to his wife and parts to several of his children, without consideration, and sold other parts thereof for considerable sums to others, and otherwise violated the agreement, a demurrer was properly sustained for defect of parties defendant, the intestate's heirs at law being necessary parties; but a demurrer for failure to state a cause of action should have been denied.

**3. Frauds, Statute of, §§ 13, 14—**

The defense, that a contract cannot be enforced because it is not in writing as required by the statute of frauds, G. S., 22-2, cannot be taken advantage of by demurrer. The defendant may plead the statute, or he may deny the contract and object to parol evidence to establish it.

**4. Frauds, Statute of, § 12: Trusts § 1b—**

Where the purchaser of land at a judicial sale agreed, previously or contemporaneously, with another to buy and hold the land subject to the right of the latter to repay the purchase money and have a conveyance, there is no violation of the statute of frauds, G. S., 22-2. But where the grantor, by a mere declaration, engrafts upon his own deed a trust, the declaration must be neither prior or subsequent to, but contemporaneous with its execution.

APPEAL by defendant from *Sink, J.,* at September Term, 1944, of DAVIDSON.

This cause comes here upon a demurrer to the complaint. Taking the allegations of the complaint to be true, it may be summarized as follows:

At the time of the transaction upon which plaintiffs base their cause of action, the plaintiffs and C. B. Embler were co-tenants of the lands described in the complaint, by inheritance from A. W. Embler. A. W. Embler had executed a mortgage upon the lands, without joinder of his wife, in the amount of $1,863.24, which was unpaid at his death. After the lands had been advertised for sale, C. B. Embler, learning that the plaintiffs—his brother, sisters and nephew—were preparing to attend the mortgage sale and bid for the land, approached the plaintiffs and proposed to them that if they would not bid on the land, but would permit the said C. B. Embler to have it bid off, he would have someone bid enough to pay the Bowers mortgage and cost of sale, would advance the money to pay the same, and would purchase the dower interest of the widow; and would then sell all of the land and divide the proceeds

equally among the plaintiffs and himself, *i.e.,* one-seventh each, after reimbursing himself for his expenditures in paying off the mortgage, cost of sale, and amount advanced by him in purchase of the dower. This proposition was accepted by the plaintiffs, and they all entered into a contract that plaintiffs would not bid on the land, but that C. B. Embler should pursue the course suggested, would sell all of the lands described in the complaint—one tract of 144 acres at not less than $10 an acre—and divide the proceeds obtained from the sale of all the lands amongst the plaintiffs and himself, one-seventh each, after reimbursing himself out of said sales for the amounts advanced by him in the purchase of the land and the dower interest and the cost of sale. Plaintiffs carried out the terms of the agreement as it applied to them.

At the time of the sale under the mortgage, C. B. Embler had a docketed judgment against him, and for that reason procured one Charlie Myers to bid off the land at the purchase price of $2,250.00, but was required to pay to the mortgagee only $1,923.23.

Thereafter, he procured his agent and trustee, Myers, to convey three of the tracts of land described in the complaint, and purchased at the mortgage sale, to Sarah J. Embler, his wife, without any consideration for same; and on the same date he had the said Myers to convey the other tract of 144 acres to H. L. Embler, his son, without consideration.

Thereafter, the said C. B. Embler had his wife, Sarah J. Embler, to convey one of the tracts described and conveyed to her by C. F. Myers to W. Ray Nifong and wife, Mary Nifong, for the sum of $168.84; and subsequently had his said wife to convey another of the tracts conveyed to her by the said C. F. Myers to Harvey Clodfelter and wife for $1,100.

Thereafter, the said C. B. Embler and wife conveyed another of the tracts (except 60 acres thereof which had been allotted to Bessie J. Embler as her dower) to E. T. Embler, son of C. B. Embler, without consideration—and shortly thereafter, purchased the dower interest from Bessie J. Embler for $1,100, and had his said son, E. T. Embler, and Bessie J. Embler, the widow, to convey to him personally this tract of land, without consideration passing therefor. At this time the judgment against C. B. Embler had run out of date. Later, C. B. Embler had his son, H. L. Embler, who, it is alleged, held the land in trust for him, to sell 47 acres of the 144-acre tract to D. W. Bowers for the sum of $400, and later procured the said son, H. L. Embler, to convey the remainder of the 144-acre tract to Arthur Hedrick and wife for the sum of $500.

In December, 1941, the said C. B. Embler sold and conveyed to the Duke Power Company a right of way over the lands for the sum of $400. On 27 November, 1941, the said C. B. Embler executed a deed of trust to the First National Bank of Thomasville for $1,000 on the tract conveyed to him by E. J. Embler and Bessie J. Embler.

It is further alleged that C. B. Embler received certain amounts scheduled in the complaint for lands which it is alleged were sold under his contract with the plaintiffs, amounting to $2,568.84, which it is alleged he received and held in trust for the use and benefit of the plaintiffs and himself, and of which six-sevenths belonged to plaintiffs and the other one-seventh to the said C. B. Embler.

It is alleged that C. B. Embler died seized to the use of, or in trust for, the plaintiffs of the tract of 76¾ acres, the reasonable market value of which is $5,000.

The complaint alleges that Embler had broken his contract with the plaintiffs in that he failed to account to plaintiffs for the sums received for the sales of land over and above the just deductions for the advances made, and in that he sold the 144-acre tract of land for less than the amount agreed upon; and in that he had failed to sell all of the lands included in the contract, to the injury and damage of the plaintiffs.

Upon this the plaintiffs demand that the defendant administrator account to them and pay them the amounts alleged to be due in the complaint, and further, that a commissioner be appointed and that the lands of which the said C. B. Embler was seized at the time of his death be sold and the proceeds applied toward the payment of the plaintiffs' judgment.

To this complaint the defendant filed a written demurrer as follows:

"The defendant in the above entitled action, without waiving his right to make a motion to remove this action to the county where he was appointed, demurs to the complaint and as grounds for demurrer, alleges:

"1. That there is a defect of parties defendant, the defendant alleging that all the heirs at law of defendant's intestate are necessary parties to this action; that E. T. Embler and H. L. Embler, sons of C. B. Embler, deceased, are necessary parties.

"2. That the complaint does not state facts sufficient to constitute a cause of action, for that the complaint alleges a contract relating to real estate, the same not being in writing and the plaintiffs having failed to bring this action against C. B. Embler in his lifetime the plaintiffs' alleged cause of action abated at his death, and the plaintiffs have no cause of action against the personal representative of C. B. Embler, deceased.

"Dated this 10th day of July, 1944.

> WALTER E. CRISSMAN,
> PHILLIPS & BOWER,
> *Attorneys for Defendant.*"

The demurrer was overruled, and defendant appealed.

*J. F. Spruill for plaintiffs, appellees.*
*Walter E. Crissman and Phillips & Bower for defendant, appellant.*

SEAWELL, J.   The defendant demurred to the complaint upon two grounds: First, that there is a defect of parties defendant, since it appears upon the face of the complaint that the action, in part, is directed toward the sale of lands descended from C. B. Embler to H. L. Embler and E. T. Embler, who are necessary to a final determination of the controversy; and second, that the complaint does not state a cause of action against the defendant.

Upon reading the complaint, we are of opinion that the demurrer for defect of parties must be sustained, and it is so ordered, subject to the right of the plaintiffs to bring them in.

The demurrer to the complaint as not constituting a cause of action is untenable.

In the argument here, the defendant seeks to sustain his demurrer in that respect upon the ground that the alleged contract upon which the trust is grounded was not in writing and was, therefore, void under the statute of frauds, G. S., 22-2; further, that it must fail for want of consideration, since the only consideration supporting it—namely, to refrain from bidding at a public auction—is in violation of public policy.

If it be conceded for the purpose of discussion and analysis, only, that the contract upon which the trust is grounded is covered by the statute of frauds, the question of its validity cannot be raised by demurrer. Contracts required to be in writing, G. S., 22-2, but which are actually in parol, are vulnerable in two respects: They are not valid if the person sought to be charged so elects; and parol evidence to establish them cannot be introduced over objection.   Procedurally, the defense of the statute of frauds cannot be taken advantage of by demurrer; *Hemmings v. Doss,* 125 N. C., 400, 402, 34 S. E., 511; *Stephens v. Midyette,* 161 N. C., 323, 77 S. E., 423; it can only be raised by answer.   This may be done in either of two ways: The defendant may plead the statute, in which case when it develops on the trial that the contract is in parol, it must be declared invalid; or the defendant may enter a general denial, and on trial may object to the parol evidence to establish the contract, which will be equally fatal to the maintenance of the action; *McCall v. Textile Ind. Inst.,* 189 N. C., 775, 128 S. E., 349, 353.   See, also, *Luton v. Badham,* 127 N. C., 96, 37 S. E., 143; *Winders v. Hill,* 144 N. C., 614, 57 S. E., 456.   Compare *Ebert v. Disher,* 216 N. C., 36, 3 S. E. (2d), 301.

Moreover, a parol trust of the character sought to be established is not within the statute of frauds.   *Peele v. LeRoy,* 222 N. C., 123, 22 S. E. (2d), 244; *Brogden v. Gibson,* 165 N. C., 16, 80 S. E., 966; *Newby v.*

*Realty Co.,* 182 N. C., 34, 108 S. E., 323; *Anderson v. Harrington,* 163 N. C., 140, 79 S. E., 426; *Riggs v. Swann,* 59 N. C., 118; *Shelton v. Shelton,* 58 N. C., 292.

The objection that the alleged contract has no consideration to support it except a forbearance to bid at a public auction sale, which is against public policy, is not well taken. First, it may be questioned whether a parol contract made under the circumstances here alleged requires any consideration. As to the establishment of parol trusts, it is said in *Cobb v. Edwards,* 117 N. C., 245, loc. cit. 246, 23 S. E., 241:

"Where it is proved satisfactorily that the purchaser at a judicial sale of land agreed with another previously, in contemplation of or at the time of bidding it off, that he would buy and hold it when bought subject to the right of the latter to repay the purchase money and demand a reconveyance, it has been repeatedly held by this Court that the beneficial interest to which the agreement relates passes with the transmutation of the legal estate, because there is no such requirement in our statute as that contained in 29 Car. II., that declarations of trust shall be manifested and proved by some writing. *Shelton v. Shelton,* 58 N. C., 292; *Pittman v. Pittman,* 107 N. C., 159; *Cloninger v. Summit,* 55 N. C., 513; *Cohn v. Chapman,* 62 N. C., 94; *Hargrave v. King,* 40 N. C., 430; *Jones v. Emory,* 115 N. C., 158; *Thompson v. Newlin,* 38 N. C., 338. But where the grantor by a mere declaration engrafts upon his own deed a trust, the declaration must be neither prior nor subsequent to, but contemporaneous with its execution. *Blount v. Washington,* 108 N. C., 230; *Smiley v. Pearce,* 98 N. C., 185."

C. B. Embler had not acquired the legal title at the time of the alleged agreement with respect thereto. The equitable title to the whole land was in the heirs at law of A. W. Embler, and the parties to the parol contract were co-tenants. The plan upon which they are alleged to have agreed was nothing more than a device by which both the equitable title of all the parties to the agreement, as well as the legal title, which at that time rested in the trustee or mortgagee, could be transmitted, in trust, to one of their number for the benefit of them all. *Lefkowitz v. Silver,* 182 N. C., 339, 344, 109 S. E., 56; *Kelly v. McNeill,* 118 N. C., 349, 354, 24 S. E., 738. If any consideration was required under the facts of this case, it is sufficiently manifested by the act of the plaintiffs in foregoing their own protection by bidding at the sale. Considering the common interest which all the parties had in the matter, the agreement was not against public policy. *Newby v. Realty Co., supra,* pp. 37, 38. Their interest in the *res* was at the time unitary, and no public policy would require that they enter a competitive bid at the sale in order to protect it.

For these reasons, the judgment of the court below overruling the demurrer is, in the respects noted,

Modified and affirmed.