T. LACY WILLIAMS, ADMINISTRATOR OF THE ESTATE OF JAMES H. THOMPSON, v. SARAH THOMPSON, CITY OF RALEIGH, COUNTY OF WAKE, AND THE UNKNOWN HEIRS OF JAMES H. THOMPSON.

(Filed 26 February, 1947.)

**1. Pleadings § 31—**

On a motion to strike, the test of relevancy of a pleading is whether the pleader has the right to offer in evidence at the trial the facts relied upon to sustain the plea, and if such facts, when established, constitute a cause of action or defense.

**2. Same—**

If the ultimate fact pleaded in a reply is not inconsistent with the cause of action alleged in the complaint and constitutes a defense, in whole or in part, to a plea for affirmative relief set up in the answer, it should not be stricken.

**3. Pleadings § 13—**

The right to reply is not restricted to cases in which defendant pleads a counterclaim, but a reply is proper if the answer alleges facts which, if established, entitles defendant to some relief. G. S., 1-140; G. S., 1-141.

**4. Limitation of Actions § 1—**

Lapse of time does not discharge a liability but merely bars recovery.

**5. Limitation of Actions § 15—**

Statutes of limitations. except those annexed to the cause of action itself, must be pleaded.

**6. Same: Pleadings § 13—**

The petition for the sale of land to make assets allege the existence of a claim by the defendant municipality, without admitting its amount or validity. The municipality filed answer asserting a lien for taxes, street assessments, and other items, and prayed judgment therefor. *Held:* Plaintiff was entitled to set up the plea of the statute of limitations by way of reply to the answer.

APPEAL by defendant City of, Raleigh from *Thompson, J.,* at October Term, 1946, of WAKE. Affirmed.

Special proceedings to sell land to make assets, heard on motion to strike plaintiff's reply.

In his petition plaintiff alleges that the City of Raleigh "has a claim of an undetermined amount against said estate for paving assessments and taxes." The City, answering, asserted a first lien for 1944 taxes in the total sum of $7.45, and a lien, second only to the lien for taxes, against the first tract described in the petition for street assessments in the sum of $295.71, with interest from 16 May, 1927, and a lien for charges for sewer connections in the amount of $24 and for water connections in the amount of $29.56, with interest from 16 May, 1927. It prays (1) for judgment for said amounts, (2) that said judgment be declared a specific lien on said property, and (3) for the appointment of a commissioner to make sale.

The plaintiff, replying, pleads the ten-year statute of limitations in bar of said defendant's right to recover the pleaded street assessments and sewer and water connection charges. Thereupon, said defendant moved to strike plaintiff's reply "upon the grounds that 1. No new matter was pleaded by said defendant in its answer, and SECOND that no affirmative relief was prayed by the said defendant in the said answer."

The clerk denied the motion and defendant City of Raleigh appealed to the judge of the Superior Court. When the cause came on to be heard in the court below the judgment of the clerk was affirmed and said defendant appealed to this Court.

*Murray Allen for plaintiff, appellee.*
*P. H. Busbee and John G. Mills, Jr., for appellant City of Raleigh.*

BARNHILL, J. On a motion to strike the test of relevancy of a pleading is the right of the pleader to offer in evidence at the trial the facts relied upon to sustain the plea which, if established, will constitute a cause of action or a defense. And so, if the ultimate fact pleaded in a reply is not inconsistent with the cause of action alleged in the complaint and constitutes a defense, in whole or in part, to a plea for affirmative relief set up in the answer, it should not be stricken. *Patterson v. R. R.,* 214 N. C., 38, 198 S. E., 364; *Trust Co. v. Dunlop,* 214 N. C., 196, 198 S. E., 645; *Pemberton v. Greensboro,* 203 N. C., 514, 166 S. E., 396.

The right to reply is not restricted to cases in which the defendant pleads a counterclaim. G. S. 1-140, 1-141. If it alleges facts, upon the proof of which the court should give some relief, it is properly filed. *Lumber Co. v. Edwards,* 217 N. C., 251, 7 S. E. (2d), 497.

The lapse of time does not discharge the liability. It merely bars recovery. *Insurance Co. v. Motor Lines, Inc.,* 225 N. C., 588. Hence the statutes of limitations (except when annexed to the cause of action itself, *Hanie v. Penland,* 193 N. C., 800, 138 S. E., 165) are not available to a litigant as a defense unless pleaded. *Insurance Co. v. Motor Lines, Inc., supra; New Hanover County v. Sidbury,* 225 N. C., 679; *Motor Co. v. Credit Co.,* 219 N. C., 199, 13 S. E. (2d), 230.

Here the petitioner alleges the existence of the City's claim without admitting its amount or validity. When the City filed an answer asserting a lien for taxes, street assessments, and other items, and prayed judgment therefor, the plaintiff, for the first time, was in a position to plead the bar of the ten-year statute of limitations. This plea was properly made by way of reply to the answer.

The judgment below is

Affirmed.