R. W. WINSTON, JR., v. THE WILLIAMS & McKEITHAN LUMBER COM
PANY OF VIRGINIA AND J. H. HOLLINGSWORTH.

(Filed 14 April, 1948.)

**Contracts § 26: Pleadings § 31—Allegations held relevant and material and were erroneously stricken on motion.**

> Plaintiff alleged that defendants wrongfully and maliciously induced vendors to breach their registered contract to sell timber to plaintiff. Defendants alleged that the land was subject to deed of trust and the timber could not be sold without approval of the *cestui*, that the plaintiff was advised that the *cestui* would not release the timber, that the *cestui* called for bids, and that defendants became the last and highest bidder for the timber with the approval of the *cestui*. *Held:* The averments were relevant to show that defendants were acting in the legitimate exercise of their own rights without design to injure plaintiff or gain an improper advantage at his expense, and it was error for the court to grant plaintiff's motion to strike.

APPEAL by defendants from *Hamilton, Special Judge,* January Term, 1948, of WAKE. Reversed.

Plaintiff's motion to strike certain portions of defendants' answer was allowed and defendants appealed.

*Harris & Poe for plaintiff, appellee.*

*Wellons, Martin & Wellons and Wilson & Bickett for defendants, appellants.*

DEVIN, J. The plaintiff alleged that after he had entered into a contract with W. P. Stallings and wife for the purchase of the timber on described lands, the defendants wrongfully, unlawfully and maliciously persuaded Stallings and wife to breach their contract and to sell the timber to the defendants. The defendants first demurred to the complaint, but their demurrer was overruled, and on appeal we affirmed. *Winston v. Lumber Co.,* 227 N. C., 339, 42 S. E. (2d), 218. The defendants then answered and denied the material allegations of the complaint. Further answering, the defendants alleged that the plaintiff's contract, dated 22 March, 1944, was unenforceable for the reason that the land was subject to a deed of trust to the United States to secure the purchase price, and that by the terms of the deed of trust Stallings had no right to convey the timber without the consent and approval of the Government, and that Stallings' contract with plaintiff was conditioned upon securing a release of the timber. It was further alleged that plaintiff was notified that the Government would not release the timber and that no deed therefor could be delivered to him; that further bids were called for by the Government through the agency of Stallings and wife, and

that thereafter defendants became the last and highest bidder for the timber and purchased it 5 February, 1945, with the consent and approval of the Government. Under authority so granted the defendants have cut and removed the timber. On plaintiff's motion these allegations were ordered stricken from the answer, and the defendants excepted and appealed.

The plaintiff's position is that notwithstanding the provision in the contract which might have afforded ground for noncompliance as between the contracting parties, this would not protect a malicious intermeddler who with knowledge of the contract wrongfully induced a breach, nor constitute a defense to an action on that ground, citing *Haskins v. Royster,* 70 N. C., 601. For distinction between invalidity and unenforceability of the contract where recovery is sought for wrongful interference, see Annotation in 84 A. L. R., 48. See also *Ringler v. Ruby,* 244 Pac., 509; 46 A. L. R., 245.

However, we think the defendants here were entitled to plead the facts set up in their further answer in reply to plaintiff's allegation that they had wrongfully, unlawfully and maliciously induced breach of the contract, and for the purpose of showing that the defendants, in bidding upon and purchasing the timber under the circumstances, were acting in the legitimate exercise of their own rights, and with no design to injure the plaintiff or to gain an improper advantage at his expense. *Coleman v. Whisnant,* 225 N. C., 494 (506), 35 S. E. (2d), 647; *Bruton v. Smith,* 225 N. C., 584, 36 S. E. (2d), 9; *Winston v. Lumber Co., supra.* The averments complained of, if established, would seem to be relevant and material. *Williams v. Thompson,* 227 N. C., 166, 41 S. E. (2d), 359. There was error in striking these allegations, and the order to that effect is

Reversed.