### GEORGE E. WEANT v. W. F. McCANLESS.

(Filed 9 April, 1952.)

**1. Pleadings § 31—**

A motion to strike a further defense, cross-action and counterclaim, should not be allowed if the facts pleaded therein may be proven by competent evidence, and if so proven, would constitute a defense in whole or in part to the affirmative relief sought in the complaint.

**2. Same—**

A motion to strike defendant's counterclaim on the ground that the contract therein alleged as the basis of the counterclaim is unenforceable under the statute of frauds should not be allowed, since the contract is enforceable unless the statute of frauds is properly pleaded.

**3. Frauds, Statute of, § 3—**

The defense of the statute of frauds must be pleaded by (1) admitting the contract and pleading the statute as a bar, (2) denying the contract and pleading the statute as a bar, (3) general denial of the contract and objection to parol testimony to prove it, and the defense of the statute may not be taken advantage of by demurrer or motion to strike.

APPEAL by defendant from *Sink, J.,* November Term, 1951, of ROWAN.

The plaintiff instituted this action in the Superior Court of Rowan County, 23 November, 1948, upon a note executed under seal by the defendant to the plaintiff on 9 December, 1938, payable six months after date, in the sum of $1,374.00.

The defendant in his answer admits the execution of the note and sets up a cross-action and counterclaim in which he alleges, among other things, that in July or August, 1934, he was indebted to the plaintiff in the sum of $7,874.00 for work and materials plaintiff, as a plumber and owner of a plumbing establishment, had furnished him; that defendant offered to convey a house and lot owned by the defendant on South Main Street in Salisbury, N. C., for a credit of $1,500 on the plaintiff's bill, and the plaintiff accepted the proposal; that defendant also conveyed a brick residence on Thomas Street in Salisbury to the plaintiff and for which the plaintiff agreed to give the defendant a credit of $5,000; that it was agreed between the parties that the defendant would execute a note for the balance due of $1,374.00 when called upon to do so, that it was further agreed between the parties at the time and before the delivery of the deed to either of the above properties, or the execution of the note, the plaintiff would reconvey the Thomas Street property to the defendant upon payment by the defendant of $5,000, and the balance on his account of $1,374.00; that in the meantime the plaintiff was to apply the rents received from the Thomas Street property, after paying the taxes thereon, to the payment of interest on said indebtedness; that according to the terms of his agreement with the plaintiff he has offered and tendered the plaintiff the sum of $5,000, and payment in full of defendant's note of $1,374.00, and requested and demanded a deed from the plaintiff for the Thomas Street property but the plaintiff failed and refused to reconvey the same.

The plaintiff filed a reply and admitted that the defendant was credited with the sum of $6,500 on his account by reason of the conveyance to him of the two pieces of property described in the answer, but denied that any agreement, oral or written, was entered into for the reconveyance of the Thomas Street property, as alleged by the defendant, and pleaded the statute of frauds.

Thereafter, plaintiff made a motion to strike defendant's further defense, cross-action and counterclaim, and the motion was allowed. The defendant appeals to the Supreme Court, assigning error.

*Hudson & Hudson for plaintiff, appellee.*
*Woodson & Woodson for defendant, appellant.*

DENNY, J. A motion to strike a further defense, cross-action and counterclaim should not be allowed if the facts pleaded therein may be

proven by competent evidence, and if so proven, such facts would constitute a defense in whole or in part to the affirmative relief sought in the complaint. *Williams v. Thompson,* 227 N.C. 166, 41 S.E. 2d 359.

The test as to whether pleadings are relevant, on a motion to strike, is whether the pleader would be entitled to introduce evidence in support of the allegations sought to be stricken. *Williams v. Thompson, supra; Trust Co. v. Dunlop,* 214 N.C. 196, 198 S.E. 645; *Patterson v. R. R.,* 214 N.C. 38, 198 S.E. 364; *Pemberton v. Greensboro,* 203 N.C. 514, 166 S.E. 396.

A parol contract to sell or convey land may be enforced, unless the party to be charged takes advantage of the statute of frauds by pleading it, or by denial of the contract, as alleged, which is equivalent to a plea of the statute. G.S. 22-2; *Allison v. Steele,* 220 N.C. 318, 17 S.E. 2d 339; *Real Estate Co. v. Fowler,* 191 N.C. 616, 132 S.E. 575; *McCall v. Institute,* 189 N.C. 775, 128 S.E. 349; *Geilner v. Jones,* 176 N.C. 542, 97 S.E. 494; *Arps v. Davenport,* 183 N.C. 72, 110 S.E. 580; *Herndon v. R. R.,* 161 N.C. 650, 77 S.E. 683; *Henry v. Hilliard,* 155 N.C. 372, 71 S.E. 439; *Miller v. Monazite Co.,* 152 N.C. 608, 68 S.E. 1.

It is settled in this jurisdiction that the provisions of the statute of frauds cannot be taken advantage of by demurrer. *McCampbell v. Building & Loan Asso.,* 231 N.C. 647, 58 S.E. 2d 617; *Embler v. Embler,* 224 N.C. 811, 32 S.E. 2d 619; *Real Estate Co. v. Fowler, supra; Stephens v. Midyette,* 161 N.C. 323, 77 S.E. 243; *Hemmings v. Doss,* 125 N.C. 400, 34 S.E. 511. Neither can such defense be taken advantage of by motion to strike. Such defense can only be raised by answer or reply. The statute of frauds may be taken advantage of in any one of three ways: (1) The contract may be admitted and the statute pleaded as a bar to its enforcement. *Bonham v. Craig,* 80 N.C. 224; *Holler v. Richards,* 102 N.C. 545, 9 S.E. 460; *Browning v. Berry,* 107 N.C. 231, 12 S.E. 195, 10 L.R.A. 726; *Vann v. Newsom,* 110 N.C. 122, 14 S.E. 519; *Jordan v. Furnace Co.,* 126 N.C. 143, 35 S.E. 247; *Henry v. Hilliard, supra;* (2) the contract, as alleged, may be denied and the statute pleaded, and in such case if it "develops on the trial that the contract is in parol, it must be declared invalid." *Embler v. Embler, supra; Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561, 15 A.L.R. 2d 1325; *Balentine v. Gill,* 218 N.C. 496, 11 S.E. 2d 456; *Kluttz v. Allison,* 214 N.C. 379, 199 S.E. 395; *Winders v. Hill,* 144 N.C. 614, 57 S.E. 456; *Morrison v. Baker,* 81 N.C. 76; or, (3) the party to be charged may enter a general denial without pleading the statute, and on the trial object to the admission of parol testimony to prove the contract. *Henry v.ˑ Hilliard, supra; Price v. Askins,* 212 N.C. 583, 194 S.E. 284; *Allison v. Steele, supra; Embler v. Embler, supra; Jamerson v. Logan, supra.*

For the reasons stated, the ruling of the court below must be
Reversed.