GREEN v. HARBOUR

[113 N.C. App. 280 (1994)]

ROY H. GREEN, PLAINTIFF v. BAIN HARBOUR, INDIVIDUALLY AND BAIN
HARBOUR, INC., DEFENDANTS

No. 9317SC537

(Filed 4 January 1994)

**Frauds, Statute of § 32 (NCI4th)— affirmative defense—specific
pleading required**

Defendants could not take advantage of the provisions
of the statute of frauds by a motion to dismiss for failure
to state a claim upon which relief could be granted, since
the statute of frauds is an affirmative defense which must
be pleaded.

**Am Jur 2d, Statute of Frauds §§ 589 et seq.**

Appeal by plaintiff from order entered 26 February 1993 by
Judge Peter M. McHugh in Rockingham County Superior Court.
Heard in the Court of Appeals 28 December 1993.

Plaintiff filed a complaint against defendants regarding an oral
contract for real property. In the complaint plaintiff sought recovery
of all sums paid defendants plus interest at the legal rate, ad
valorem taxes paid, and the costs of all improvements made to
the real property. He also sought to treble these damages pursuant
to N.C. Gen. Stat. § 75-16 (1988) and to recover attorney's fees
pursuant to N.C. Gen. Stat. § 75-16.1 (1988). In an alternative cause
of action plaintiff sought specific performance of the contract.

On 25 January 1993 defendants filed a motion to dismiss plain-
tiff's alternative cause of action pursuant to N.C.R. Civ. P. 12(b)
for failure of the complaint to state a claim upon which relief
could be granted. This motion stated that plaintiff's complaint on
its face showed that the alleged contract was an oral contract
for the conveyance of real property and was therefore barred by
the Statute of Frauds. The trial court allowed defendants' motion
to dismiss in an order signed 24 February 1993 and filed 26 February
1993. From this order plaintiff appeals.

*Pfaff, Elmore & Hayes, by Susan Hayes, for plaintiff-
appellant.*

*Harrington & Stultz, by Thomas S. Harrington, for defendant-
appellees.*

GREEN v. HARBOUR

[113 N.C. App. 280 (1994)]

ARNOLD, Chief Judge.

The issue before this Court is whether the trial court erred in allowing defendants' motion to dismiss one of plaintiff's alternative causes of action pursuant to N.C.R. Civ. P. 12(b) for failure to state a claim upon which relief could be granted. We conclude, as defendants concede, that the trial court erred in allowing defendants' motion to dismiss.

Defendants' motion to dismiss asserted the statute of frauds, an affirmative defense which must be pleaded. *Yeager v. Dobbins*, 252 N.C. 824, 114 S.E.2d 820 (1960); N.C. Gen. Stat. § 1A-1, Rule 8(c) (1990). "It is settled in this jurisdiction that the provisions of the statute of frauds cannot be taken advantage of by demurrer." *Weant v. McCanless*, 235 N.C. 384, 386, 70 S.E.2d 196, 197 (1952). Defendants' motion to dismiss for failure to state a claim upon which relief could be granted tests the legal sufficiency of the complaint and performs the same function as the old common law demurrer. *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970). Therefore, defendants may not take advantage of the provisions of the statute of frauds by a motion to dismiss for failure to state a claim upon which relief could be granted. For the reasons stated, the trial court's order must be reversed.

Reversed.

Judges WYNN and MARTIN concur.