CALABRIA, Judge.
Where plaintiffs' complaint, if viewed as admitted, alleged that defendant assumed a lease obligation intending to be bound by it, the trial court erred in granting defendant's motion to dismiss. Because we vacate the trial court's grant of the motion to dismiss, we need not review plaintiffs' arguments concerning their motion to amend.
I. Factual and Procedural Background
On 1 July 2001, Southeastern Real Estate and Discount Company ("Southeastern") leased a commercial lot to Blue Ridge Savings Bank ("Blue Ridge") for the purpose of operating a bank, for a term of fifteen years. In 2008, Charles H. Taylor and Elizabeth O. Taylor ("the Taylors") became owners of the lot, and continued to honor Blue Ridge's lease. On 16 October 2011, Blue Ridge was closed by order of the North Carolina Commissioner of Banks, and a receiver, the FDIC, was appointed. Bank of North Carolina ("defendant") purchased certain assets of Blue Ridge, including the leased lot.
On 22 December 2015, Southeastern and the Taylors (collectively, "plaintiffs") filed a complaint against defendant, alleging breach of the lease. Specifically, plaintiffs alleged that, although defendant initially complied with the lease, it abandoned the lot in 2012, and declined to pay rent since that time. Plaintiffs therefore sought money damages for past-due rent payments.
On 1 February 2015, defendant moved to dismiss the complaint pursuant to Rules 12(b)(6) and (b)(7) of the North Carolina Rules of Civil Procedure. Defendant's motion alleged that the complaint failed to state a claim against defendant, and that it failed to join a necessary party, namely the FDIC, which acted as receiver for Blue Ridge. In an order filed 7 March 2015, the trial court granted defendant's motion to dismiss pursuant to Rule 12(b)(6). The court did not rule on the merits of defendant's 12(b)(7) motion.
Plaintiffs appeal.
II. Motion to Dismiss
In their first argument, plaintiffs contend that the trial court erred in granting defendant's motion to dismiss. We agree.
A. Standard of Review
"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." Stanback v. Stanback , 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted).
"This Court must conduct a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." Leary v. N.C. Forest Prods., Inc. , 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, aff'd per curiam , 357 N.C. 567, 597 S.E.2d 673 (2003).
B. Analysis
At the hearing on defendant's motion to dismiss, defendant argued that the lease was signed by Blue Ridge, that defendant never signed the lease, that defendant was never a party to the lease, and that there was no valid assignment. Defendant further argued that, for plaintiffs to show a valid assignment to defendant, plaintiffs would have to submit a written document to satisfy the statute of frauds. Lastly, defendant argued that plaintiffs failed to demonstrate a valid assumption of the lease, or even that it could have been assumed by defendant. Defendant noted that the lease with Blue Ridge required the lessor to approve any assignment in writing, and nothing was attached to the complaint, or alleged therein, to suggest that plaintiffs had approved the assignment.
On appeal, plaintiffs contend that the statute of frauds is an affirmative defense, and is not an appropriate basis for a motion to dismiss. This is true. We have repeatedly held that "defendants may not take advantage of the provisions of the statute of frauds by a motion to dismiss for failure to state a claim upon which relief could be granted." Green v. Harbour , 113 N.C. App. 280, 281, 437 S.E.2d 719, 720 (1994).
However, even setting aside the statute of frauds argument, the question is whether plaintiffs adequately alleged that defendant was a party to, and therefore bound by, the lease. The relevant allegations in plaintiffs' complaint are as follows:
8. On October 16, 2011, Blue Ridge Savings was closed by order of the North Carolina Commissioner of Banks, and the FDIC was appointed Receiver of Blue Ridge Savings, thereby entitling it to possession of the assets of the closed Bank including the Premises. At the time of the Bank's closure, Blue Ridge Savings had an operating branch bank office located at the Premises.
9. Acting as Receiver, the FDIC, on or about October 16, 2011, entered into an agreement with Defendant Bank of North Carolina for the purchase of certain assets, and assumption of certain obligations, belonging to Blue Ridge Savings, including the aforesaid leased Premises in Maggie Valley, North Carolina.
10. At all times after acquiring the Lease, Defendant paid the required monthly rentals, intending to be bound to the lease, had the quiet and peaceful possession of the Premises, and used the same in its business to its benefit, until breached as hereinafter setout.
Notably, the language in paragraph 10 that defendant "paid the required monthly rentals, intending to be bound to the lease," if viewed as admitted, would support a determination that defendant had assumed the lease, and was bound by it. Likewise, the language in paragraph 9 clearly states that the purchase included the "assumption of certain obligations[.]"
In reviewing a motion to dismiss, the allegations of the complaint must be viewed as admitted. That is, if the facts alleged are true, the question is whether the complaint, on its face, states a claim for which relief may be granted. The allegations in these paragraphs, if taken as admitted, allege that defendant assumed the lease and agreed to be bound by it. As such, we hold that the complaint, viewed as admitted, stated a claim for which relief may be granted, and the trial court erred in granting defendant's motion to dismiss. We vacate the trial court's order granting the motion to dismiss, and remand for further proceedings consistent with this opinion.
III. Motion to Amend
In their second argument, plaintiffs contend that the trial court erred in denying plaintiffs' motion to amend the complaint in light of dismissal. Because we reverse the trial court's grant of defendant's motion to dismiss, we hold that this issue is moot, and dismiss it.
VACATED AND REMANDED IN PART, DISMISSED IN PART.
Report per Rule 30(e).
Judges McCULLOUGH and INMAN concur.